116 N.J. Super. 226 (1971)
281 A.2d 810
PHYLLIS DiSANTO, ET ALS., PLAINTIFFS-APPELLANTS,
v.
MILDRED M.A. ADASE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1971.
Decided September 27, 1971.
*227 Before Judges GOLDMANN, COLLESTER and MINTZ.
Mr. Sam J. Abraham argued the cause for appellants (Messrs. Magner, Abraham, Orlando & Kahn, attorneys).
Mr. Joseph J. Triarsi argued the cause for respondent (Messrs. Pisano & Triarsi, attorneys).
PER CURIAM.
The single issue projected by plaintiffs' appeal is whether a subsequent remarriage of a divorced couple reinstates their pre-existing tenancy by the entirety. The Chancery Division judge held that it did. We reverse.
Defendant was the wife of Paul A. Adase, who died September 20, 1969. They had purchased the premises here in question on January 16, 1948, title being taken in their names as tenants by the entirety. A judgment of divorce dissolving the marriage was entered March 18, 1951. Fifteen years later, on January 23, 1966, decedent and defendant remarried.
Decedent left a will under which he devised and bequeathed one-third of his estate to plaintiff Phyllis DiSanto (a daughter by a previous marriage, we are told) and two-thirds to defendant. In view of defendant's claim that she was entitled to all of the property, Phyllis and her husband brought a partition proceeding in which they also sought an accounting for all rents, issues and profits since decedent's death. Defendant answered, alleging that her remarriage to Paul A. Adase revived the tenancy by the entirety and seeking dismissal of the complaint. Plaintiffs then moved for judgment on the pleadings. Following a hearing the trial judge entered judgment in favor of defendant and dismissing the complaint.
*228 An absolute divorce terminates the marital relationship and converts an estate by the entirety into a tenancy in common. Mueller v. Mueller, 95 N.J. Super. 244, 248 (App. Div. 1967); Eberle v. Somonek, 24 N.J. Super. 366, 374 (Ch. Div. 1953); Gery v. Gery, 113 N.J. Eq. 59, 65 (E. & A. 1933). In Buttlar v. Buttlar, 67 N.J. Eq. 136, 138 (Ch. 1904), aff'd ibid. 729 (E. & A. 1904), the court noted that the effect of a divorce was to "destroy" an estate by the entirety.
An estate by the entirety can continue only if there is an unbroken relationship of husband and wife. "Just as the origination of this estate must emanate from a transfer to husband and wife, so its continuance rests upon the unbroken existence of that relationship." Danes v. Smith, 30 N.J. Super. 292, 304-305 (App. Div. 1954). The 1951 divorce broke the continuity of defendant's marriage and with it put an end to the tenancy by the entirety. At the moment the divorce decree was entered, defendant and Paul A. Adase become tenants in common. It is elementary that a tenancy in common is subject to partition. Gery v. Gery and Eberle v. Somonek, above.
There was nothing before the trial judge, either by way of pleading, affidavit or factual representation at argument, to support his determination. Judgment should have been entered declaring that Phyllis DiSanto took a one-sixth interest in the premises under the will (one-third of decedent's one-half), and defendant five-sixths, and that plaintiffs are entitled to partition and an accounting.
Reversed and remanded for entry of an accordant judgment.