Plaintiff appeals from a judgment of the Essex County Board of Taxation upholding a denial of her 1977 homestead rebate application by the assessor of defendant Borough of Glen Ridge. This court has jurisdiction to hear and decide the matter, the appeal having been filed with the Division of Tax Appeals. N.J.S.A. 2A:3A-26.
While defendant did not appear (though plaintiff's petition was properly served upon it), its interests were represented by the Director of the Division of Taxation, who was permitted to intervene and to participate in the trial.
The uncontroverted facts are as follows:
Plaintiff, a citizen and resident of New Jersey, resided at 22 Spencer Road, Glen Ridge, New Jersey, during the entire pretax year of 1976. Throughout that year she was a part owner of that property, which also constituted her principal residence. She and her former husband, Philip J. Giannetti, purchased the property on or about June 10, 1959, taking title thereto in joint names. The property was thus owned as a tenancy by the entireties.Wyckoff v. Gardner, 20 N.J.L. 556 (Sup.Ct. 1846). Plaintiff was divorced from her husband in September 1972, at which point the entireties estate was converted to a tenancy in common by operation of law. DiSanto v. Adase, 116 N.J. Super. 226,281 A.2d 810 (App.Div. 1971).
Plaintiff's homestead rebate application was denied by defendant's assessor on the apparent ground (endorsed on the form) of no clear title. Plaintiff appealed to the Essex County Board which dismissed the appeal on November 1, 1977. The county board judgment states no grounds for the dismissal. At no stage of the proceedings was plaintiff represented by counsel.
Plaintiff's entitlement to the homestead rebate is clear. The assessor's reason for denial of her claim is legally insufficient. *Page 3 
She meets all the requirements of N.J.S.A. 54:4-3.80 and her status as a tenant in common merely imposes a ceiling on the amount of her rebate; the fact that she owns less than the entire fee in the subject property is irrelevant. N.J.S.A. 54:4-3.86. The ceiling is in fact meaningless, given the computation of her rebate pursuant to N.J.S.A. 54:4-3.81.
Judgment will be entered in accordance with this opinion.