2002 ME 34

**Michael W. WOOLDRIDGE**

v.

**Debra S. WOOLDRIDGE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 30, 2001.
Decided: Feb. 25, 2002.

David S. Abamson, Esq., Smih Elliott Smith & Garmey, P.A., Saco, for plaintiff.

Debra S. Wooldridge, Biddeford, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, and ALEXANDER, JJ.

SAUFLEY, C.J.

[¶ 1] Debra Wooldridge appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) affirming a divorce judgment entered in the District Court (Biddeford, *Levy, J.*). She contests the court's division of marital property and award of attorney fees and costs to Michael Wooldridge. We find no error and affirm the judgment.

## I. BACKGROUND

[¶ 2] Debra and Michael Wooldridge were first married in November of 1979 and divorced in 1997. During the course of that marriage, the Wooldridges acquired a parcel of land located in Biddeford that contained the marital home. In the 1997 divorce judgment, the District Court (*Janelle, J.*) ordered that each party would continue to hold a one-half interest in the parcel as tenants in common until the eighteenth birthday of their youngest child, at which time the property was to be sold and the proceeds divided equally. In the meantime, Debra was entitled to exclusive possession of the home and was solely responsible for the monthly mortgage payments.

[¶ 3] The parties remarried in 1998. In 1999, Michael filed a complaint for divorce in the District Court on the ground of irreconcilable differences. Following a contested hearing, the court (*Levy, J.*) issued the second divorce judgment, concluding that the parties' remarriage had not changed the nature of the parties' ownership of the real estate as established by the 1997 divorce judgment. Thus, the court declined to treat the property as marital property subject to redivision and determined that each party would continue to hold their one-half interest in the real estate as nonmarital property. The court ordered that Debra reimburse Michael for $4000 of his roughly $9500 in attorney fees and expenses because Michael had incurred expert witness expenses that Debra had not and because Debra had unnecessarily prolonged the litigation. The court also allocated the parties' remaining marital property and debt. Debra appeals from the Superior Court's (York County, *Fritzsche, J.*) subsequent affirmance of the District Court judgment.

## II. DISCUSSION

[¶ 4] Debra contends that her remarriage to Michael nullified the terms of the 1997 divorce judgment and that the court therefore erred in refusing to redivide the real property as marital property. Thus, this appeal requires us to examine whether property that was declared marital property and divided between the spouses in the first divorce is returned to marital property status and subject to redivision when the couple remarries and divorces a second time. We conclude that it is not.

[¶ 5] The effect of prior divorce judgment terms on a subsequent divorce between the same parties is a question of law we review de novo. *See Bissias v. Koulovatos,* 2000 ME 189, ¶ 6, 761 A.2d 47, 49. When, as here, the Superior Court acts in its appellate capacity, we review

directly the findings and conclusions of the District Court. *Kapler v. Kapler,* 2000 ME 131, ¶ 6, 755 A.2d 502, 506.

[¶ 6] We encountered a similar question in *Palacci v. Palacci,* 613 A.2d 951 (Me. 1992). In that case, the parties married, had two children, divorced, remarried, and divorced a second time. *Palacci,* 613 A.2d at 952–53. We concluded that the child support obligations from the parties' first divorce judgment were subsumed in their remarriage and therefore became unenforceable. *Id.* at 953. We reasoned, "After remarriage, the parties' relationship to the children and the duty to furnish support become exactly as they were before the divorce . . . ." *Id.* (quoting *Ringstrom v. Ringstrom,* 101 Ill.App.3d 677, 57 Ill.Dec. 193, 428 N.E.2d 743, 744 (1981)).

[¶ 7] The same rationale is not applicable, however, to a prior division of property. Just as marriage does not unify the property acquired by each spouse before marriage as marital property, remarriage does not reunify the property of each spouse as marital property. Rather, pursuant to 19–A M.R.S.A. § 953(2) (1998 & Supp.2001), each party retains the property with which they entered the marriage as nonmarital property. Upon divorce, the court ordinarily distributes such nonmarital property to the spouse who acquired it before the marriage, unless by some action of the parties the property has become part of the marital estate.[1] *See* 19–A M.R.S.A. § 953(1) (1998). The result is the same if the parties marry former spouses; the parties retain as nonmarital the property with which they entered the *second* marriage. Thus, when Debra and Michael remarried, they each entered the second marriage with the property interest they had obtained from the first divorce; that interest was nonmarital because they each acquired the interest prior to their second marriage.[2] Therefore, we find no error in the court's refusal to treat as marital or otherwise redistribute each parties' nonmarital interest in the real property acquired pursuant to the 1997 divorce judgment.

[¶ 8] Debra also contends that the court erred in awarding attorney fees and costs to Michael in the amount of $4000. The court is permitted to award reasonable attorney fees to a party in a divorce proceeding, subject to our review for an abuse of discretion. 19–A M.R.S.A. § 952(3) (1998); *Largay v. Largay,* 2000 ME 108, ¶ 16, 752 A.2d 194, 198. "An award of attorney fees should 'be based on the parties' relative capacity to absorb the costs of litigation' . . . and all relevant factors that serve to create an award that

1. Although we have held that if marital funds are used to enhance the value of nonmarital property, the property then becomes marital to the extent of the enhancement, the court here specifically found that no such improvements were made to the Wooldridge property. *See Hall v. Hall,* 462 A.2d 1179, 1182 (Me. 1983).

2. Other jurisdictions have reached similar conclusions. *See, e.g., Waldrep v. Goodwin,* 348 So.2d 491, 492–93 (Ala.1977) (concluding that property division in prior divorce decree was not abrogated by parties' subsequent remarriage); *Woodworth v. Mauk,* 614 S.W.2d 308, 310 (Mo.Ct.App.1981) (holding that neither the remarriage of the parties nor their second divorce "had any legal effect upon the title" as it was distributed in the first divorce decree); *Disanto v. Adase,* 116 N.J.Super. 226, 281 A.2d 810, 810 (App.Div.1971) (determining that the subsequent remarriage of a divorced couple did not reinstate their tenancy by the entirety in real property held during the first marriage); *Henderson v. Henderson,* 764 P.2d 156, 158–59 (Okla.1988) ("[T]he law recognizes that what the parties bring into a marriage retains its own character as individual and not joint property. . . . [T]here is no reason to find that that property should lose its character as individual property upon remarriage.").

is 'fair and just under the circumstances.'" *Id.* (quoting *Clum v. Graves,* 1999 ME 77, ¶ 17, 729 A.2d 900, 907). The court awarded Michael less than half of his legal expenses, and Debra failed to establish that she incurred any fees or costs of her own. The court also determined that Debra's conduct unnecessarily delayed the litigation. Furthermore, the court did consider Debra's financial limitations by permitting her to delay payment of the fees until the proceeds from the sale of the real property were available. We therefore find no abuse of discretion in the court's award of attorney fees and costs to Michael.

[¶ 9] Finally, contrary to Debra's contentions, we find no error in the court's distribution of marital property, in its acceptance of the appraisal opinion of an expert witness, or in its order permitting Michael to inventory the marital home.

The entry is:

Judgment affirmed.