2008 ME 11

**Michael WOOLDRIDGE**

v.

**Debra WOOLDRIDGE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 11, 2007.
Decided: Jan. 24, 2008.

See also 791 A.2d 107.

Debra Wooldridge, Fort Meyers, FL, pro se.

Susan B. Driscoll, Esq., Bergen & Parkinson, LLC, Kennebunk, ME, for appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1]   Debra Wooldridge appeals from a judgment entered in the District Court (Biddeford, *Foster*, *J.*) denying her motion for post-judgment relief pursuant to M.R. Civ. P. 60(b).   Debra argues that (1) she has submitted new evidence not previously available to her that proves the judgments in the couple's divorce action were obtained by fraud;  and (2) the court erred in awarding Michael Wooldridge attorney fees.   Michael seeks an additional award of attorney fees for responding to this appeal.

We affirm and remand for award of additional attorney fees.

## I.   FACTS AND PROCEDURAL HISTORY

[¶ 2]   Debra and Michael Wooldridge divorced in 1997.   They remarried in 1998 and divorced for a second time in 2000.   Debra appealed the second divorce judgment, contesting the court's division of marital property and award of attorney fees to Michael.   We affirmed.   *Wooldridge v. Wooldridge (Wooldridge I)*, 2002 ME 34, ¶ 1, 791 A.2d 107, 108.   Following *Wooldridge I*, the litigation continued over issues related to the children and the sale of the parties' real estate.   The court attempted to bring the matter to an end with a final order on May 10, 2006, disposing of all pending motions and disbursing the proceeds from the sale of the parties' home.   On May 30, 2006, Debra filed a motion for reconsideration of that final order, which the court denied.

[¶ 3]   On May 18, 2007, Debra filed a motion for post-judgment relief from the 1997 and 2000 divorce judgments pursuant to M.R. Civ. P. 60(b).   The court denied her motion because Debra failed to bring the motion within one year after the court's final order of May 10, 2006, as required by M.R. Civ. P. 60(b)(1)-(3), or within a reasonable time, as required by the catch-all provision of M.R. Civ. P. 60(b)(6).   The court also concluded that Debra's motion failed on the merits because it listed allegations that were either previously raised or based on information previously available.   Finding that Debra's actions "have gone from good faith challenge of the facts and the decision to bad faith harassment and obstruction," the court awarded Michael attorney fees for having to respond to Debra's M.R. Civ. P. 60(b) motion.

[¶ 4] Debra then brought this appeal. She asserts that she submitted new evidence not previously available to her and that this new evidence proves that Michael used fraud to obtain the 2000 divorce judgment. Debra also argues that the court abused its discretion by awarding Michael attorney fees and costs.

## II. LEGAL ANALYSIS

[¶ 5] The relevant portion of M.R. Civ. P. 60(b) reads as follows:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

[¶ 6] The party seeking relief from judgment pursuant M.R. Civ. P. 60(b) bears the "burden of proving that the judgment should be set aside." *KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 13, 758 A.2d 528, 533 (quoting *Beck v. Beck*, 1999 ME 110, ¶ 6, 733 A.2d 981, 983). Further, motions alleging mistake, newly discovered evidence, or fraud must be brought within one year after entry of the challenged judgment. *See* M.R. Civ. P. 60(b).

[¶ 7] We review the denial of a M.R. Civ. P 60(b) motion for abuse of discretion and will set aside the decision only if the failure to grant the relief "works a plain and unmistakable injustice against the [moving party]." *Harris v. PT Petro Corp.*, 650 A.2d 1346, 1348 (Me. 1994).

[¶ 8] Here, the court did not abuse its discretion in finding Debra's M.R. Civ. P. 60(b) motion untimely and without merit. The motion was filed over a year after the court's final post-judgment order in this matter and seven years after the divorce judgment. Further, Debra did not present any newly discovered evidence. The affidavits she identified in her motion were not included in the appendix, attached to her brief, or included in the trial court's file. Even if the affidavits were submitted, Debra failed to demonstrate that any of this evidence was previously unavailable and could not have been discovered by due diligence, as is required by M.R. Civ. P. 60(b)(2).

[¶ 9] Debra also failed to meet her burden of proving the judgment should be set aside because of fraud. Although she alleged that Michael obtained a favorable award by acting fraudulently on a number of occasions during the course of the litigation, those allegations are vague and conclusory. Therefore, the court's decision to deny Debra's M.R. Civ. P. 60(b) motion was well within the bounds of its discretion. *See Estate of Paine*, 609 A.2d 1150, 1153 (Me.1992) ("Fraud requires clear and convincing proof that an advantage has been gained in the obtaining of a judgment by an act of bad faith whereby the court has been made an instrument of injustice.").

[¶ 10] Debra also asserts that the court erred by ordering her to pay Michael $18,928.34 in attorney fees and costs. She argues the court did so because it erroneously charged her with "unnecessarily increasing the expense and complexity of this litigation."

 [¶ 11] Attorney fees may be awarded in divorce cases based on an assessment of need and without any misconduct by either party. 19–A M.R.S. § 105 (2006). Among the factors a court may consider when determining whether to award attorney fees in divorce and post-divorce matters is whether inappropriate conduct of a party has contributed to the duration of the litigation. *Estate of Ricci,* 2003 ME 84, ¶ 30, 827 A.2d 817, 825; *Wooldridge I,* 2002 ME 34, ¶ 8, 791 A.2d at 109–10. Here, it is evident that the court's attorney fee award was based on Debra's misconduct. Therefore, the award will be reviewed based on our precedents addressing misconduct during litigation. We review such awards of attorney fees for an abuse of discretion. *Kilroy v. Ne. Sunspaces, Inc.,* 2007 ME 119, ¶ 6, 930 A.2d 1060, 1062.

[¶ 12] The trial court awarded fees to sanction Debra for refusing to "let go of this litigation" and because it found her conduct amounted to "bad faith harassment and obstruction." As we recognized in *Wooldridge I,* awarding attorney fees to one party because the other party has unnecessarily prolonged the litigation is well within a court's discretion. 2002 ME 34, ¶ 8, 791 A.2d at 109–10. Therefore, the court did not abuse its discretion in awarding Michael attorney fees.

[¶ 13] If we determine that an appeal "is frivolous or instituted primarily for the purpose of delay," we may award treble costs and reasonable expenses, including attorney fees. M.R.App. P. 13(f); *see St. Hilaire v. St. Hilaire,* 2004 ME 13, ¶ 6, 841 A.2d 783, 784. Self-represented litigants are held to the same standards as represented parties when determining whether to impose sanctions for frivolous appeals. *Dufort v. Bangs,* 644 A.2d 6, 7 (Me.1994) (citing *Uotinen v. Hall,* 636 A.2d 991, 992 (Me.1994); *Fleet Bank of Maine*

*v. Hunnewell,* 633 A.2d 853, 854 (Me. 1993)).

[¶ 14] Here, Debra's motion based on newly discovered evidence and fraud was untimely. *See* M.R. Civ. P. 60(b)(2), (3). Even if her motion was timely, the new evidence she identified was not included in the record, and she offered no reason why this evidence was not previously discoverable through due diligence. She also failed to allege fraud in any coherent manner. Her motion and appeal has unnecessarily prolonged this matter. Therefore, on remand Michael is entitled to reasonable attorney fees for this appeal.

The entry is:

Judgment affirmed. Remanded to District Court for further proceedings in accordance with this opinion.