MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2013 ME 70
Docket:        Cum-13-21
Submitted
 On Briefs:    July 17, 2013
Decided:       July 30, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
               JJ.

RONALD R. BERTIN

v.

SUSAN L. BERTIN

SAUFLEY, C.J.

[¶1] Susan L. Bertin appeals from a default judgment entered in the District Court (Portland, *Eggert, J.*) terminating her right to receive spousal support from Ronald R. Bertin. She argues that the court erred in entering a default judgment when she appeared at the first scheduled hearing in answer to Ronald's post-divorce motion to terminate spousal support. Because we agree with Susan that Maine Rule of Civil Procedure 105(a) required the court to consider spousal support issues despite her lack of written response to Ronald's motion, we vacate the judgment and remand for additional proceedings.

## I. BACKGROUND

[¶2] The parties were married in 1988, and Ronald filed for divorce in 2010. After a contested divorce hearing, the court (*Mulhern, J.*) entered a divorce

judgment in June 2011, finding that Susan's annual income was $25,000 and that Ronald's annual income was $120,000. The court awarded Susan $1,200 per month ($14,400 per year) in general spousal support for fifteen years. *See* 19-A M.R.S. § 951-A(1), (2)(A) (2012). The judgment provided, "[Ronald]'s obligation to provide general spousal support shall terminate following the earlier of either [Ronald]'s one hundred eighty (180) consecutive payment, *co-habitation by [Susan] with another adult tantamount to marriage for a period in excess of six (6) months*; [Susan]'s remarriage or the death of either party." (Emphasis added.)

[¶3] On November 6, 2012, less than eighteen months after entry of the divorce judgment, Ronald moved to terminate spousal support payments, asserting that Susan's boyfriend had been living with her at the marital residence in a manner "tantamount to marriage" for more than a year. The court immediately scheduled and provided both parties with notice of a hearing on the motion to be held on December 12, 2012.

[¶4] Susan did not file a response or opposition to the motion, but she did appear with counsel at the December 12 hearing. Although no transcript was requested or produced in connection with this appeal, the court's resulting judgment states that Ronald "moved for the entry of a default judgment" against Susan at the December 12 hearing. The court granted that motion and entered a default judgment on the ground that Susan had failed "to file an Objection to

[Ronald]'s Motion as required by Maine Rules of Civil Procedure 7(c)." The court's default judgment terminated spousal support effective June 1, 2012. This judgment effected a "complete termination of a spousal support award pursuant to the terms of . . . a final post-judgment order," and would "forever preclude[] the reinstatement of spousal support." 19-A M.R.S. § 951-A(9) (2012).

[¶5]  Susan timely appealed from the judgment. *See* 14 M.R.S. § 1901(1) (2012); 19-A M.R.S. § 104 (2012); M.R. App. P. 2(b)(3).

## II.  DISCUSSION

[¶6]  Although we review a court's decision to enter a default judgment for an abuse of discretion, *Sheepscot Land Corp. v. Gregory*, 383 A.2d 16, 23 (Me. 1978), we must first determine whether the court had the authority to enter a default judgment given Susan's appearance at the hearing. We review an interpretation of the Rules of Civil Procedure de novo and "look to the plain language of the rules to determine their meaning." *Town of Poland v. T & M Mortg. Solutions, Inc.*, 2010 ME 2, ¶ 6, 987 A.2d 524.

[¶7]  In a proceeding on a post-judgment motion filed in a divorce proceeding, the family division rules apply. *See* M.R. Civ. P. 100 ("The rules in this chapter shall govern procedure in the District Court . . . in all actions for divorce . . . and any post-judgment motions arising from th[is] action[].") Relevant here, Rule 105(a) provides that "a party served with a . . . post-judgment

4

motion shall file an appearance and answer within 20 days after service unless the court directs otherwise." The rule further provides, however, that a party who does not file a response "may enter an appearance before commencement of a hearing and be heard on issues of . . . spousal support." *Id.* The 2008 Advisory Notes provide that "a party who does not file an answer or response may still be heard on most issues, upon entering an appearance before commencement of a hearing." M.R. Civ. P. 105 Advisory Notes to 2008 amend.

[¶8] The judgment entered by the trial court does not refer to or address Rule 105. Rather, the judgment indicates that the court entered a default judgment for failure to comply with the rules of pleading that are generally applicable in civil cases. *See* M.R. Civ. P. 7(c) (stating the process for opposing motions). Because this is a family matter to which the family division rules apply, it was necessary for the court to follow the family-process-specific dictates of Rule 105. Thus, the court erred as a matter of law in applying Rule 7 and not Rule 105, and in failing to allow Susan to be heard on the substance of Ronald's motion.[1]

[¶9] Accordingly, we vacate the judgment entered by the District Court and remand the matter for further proceedings on the motion for termination of spousal support.

---

[1] To the extent that any failure to object on the part of a responding party in a family matter causes the moving party to incur costs, the court does have the discretion to require the responding party to cover those costs. *See Wooldridge v. Wooldridge*, 2008 ME 11, ¶¶ 11-12, 940 A.2d 1082.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

_____

**On the briefs:**

John H. Branson, Esq., Branson Law Office, P.A., Portland, for appellant Susan L. Bertin

David S. Abramson, Esq., and Benjamin E. Ford, Esq., Verrill Dana, LLP, Portland, for appellee Ronald R. Bertin

Portland District Court docket number FM-2010-405
FOR CLERK REFERENCE ONLY