2014 ME 96

**U.S. BANK NATIONAL ASSOCIATION as Trustee for RASC 2005KS9**

v.

**Thomas MANNING et al.**

**Docket No. Cum–13–473.**

Supreme Judicial Court of Maine.

Argued: June 10, 2014.

Decided: July 24, 2014.

---

Elizabeth M. Crowe, Esq., Bendett & McHugh, P.C., Farmington, Connecticut, and William A. Fogel, Esq. (orally), Portland, on the briefs, for appellant U.S. Bank N.A.

Kelly W. McDonald, Esq., Murray, Plumb & Murray, Portland, orally and on the briefs, for appellee Thomas Manning.

Panel: ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1]   U.S. Bank National Association as Trustee for RASC 2005KS9 (the Bank) appeals from a judgment of the Superior Court (Cumberland County, *Wheeler, J.*) dismissing with prejudice its foreclosure complaint against Thomas Manning as a sanction for its failure to comply with the court's discovery order.   The Bank contends that the court's action constitutes an abuse of discretion given the circumstances of this litigation, and that the court erred at several points as the case pro-

gressed through its pretrial stages. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] In July 2010, the Bank filed an amended complaint for residential foreclosure against Thomas Manning and several parties-in-interest who are not involved in this appeal. The complaint alleged that the Bank is the current holder of a $520,000 promissory note executed by Manning on August 2, 2005, and of a mortgage on Manning's property in Falmouth securing the note. The complaint further alleged that Manning was in default because he had made no payments on the note beginning with the payment due in February 2008, and that he owed $631,048.25 as of April 2010.

[¶ 3] After the complaint was filed, the case progressed through many procedural steps, including the following key events:

- 8/22/11: The court issued a standard scheduling order specifying a discovery deadline of April 22, 2012, and warned that failure to comply with the scheduling order could result in sanctions.

- 3/13/12: At Manning's request, the discovery deadline was extended to July 21, 2012.

- 7/25/12: At the Bank's request, the discovery deadline was enlarged to November 30, 2012.

- 11/7/12: In anticipation of seeking an order pursuant to M.R. Civ. P. 37(a) compelling discovery, Manning wrote a letter to the court requesting a hearing pursuant to M.R. Civ. P. 26(g)(1).

- 11/9/12: In response to Manning's November 7, 2012, letter, the court, without holding a hearing, issued an order requiring the Bank to provide discovery by November 30, 2012, and to "pay to Defendant reasonable expenses in the amount of $150 within 30 days." The order provided that "[f]ailure to comply . . . will result in a dismissal with prejudice of the complaint." The order was entered on the docket on November 14, 2012, and mailed to the parties the same day.

- 12/13/12: Manning filed a letter with the court asking it to dismiss the complaint with prejudice because the Bank had failed to pay the $150 sanction within 30 days of the November 9, 2012, order.

- 12/14/12: Manning moved to continue the trial and to amend the scheduling order, asserting that "[w]hile [the Bank] has provided some [discovery] responses by the deadline of November 30, 2012, those responses were deficient in several respects," and asserting that the Bank had not provided potential dates for a noticed deposition.

- 12/17/12: The Bank filed a letter with the court responding to Manning's December 13, 2012, letter, asserting that it had already produced "over 1700 pages of responsive discovery to [Manning's] counsel," and that it had paid the $150 sanction that same day in accordance with "our position that the payment is due today, December 17, 2012."

- 12/19/12: The court granted Manning's December 14, 2012, motion to continue and ordered that the deposition of Bank officials be completed by February 28, 2013.

- 1/8/13: Manning moved the court for an order on his December 13, 2012, letter, again requesting a dismissal of the complaint with prejudice on

the ground that the Bank paid the $150 sanction late.

- 1/30/13: Manning filed a letter with the court asserting that the Bank had failed to oppose his January 8, 2013, motion for an order of dismissal, and therefore the Bank had "waiv[ed] all objections to the motion."
- 2/1/13: The court, without holding a hearing, entered an order dismissing the complaint with prejudice "for failure to comply with the Court's Discovery Order." The order was mailed to the parties on February 4, 2013.
- 2/4/13: The Bank filed a letter dated February 2, 2013, in which it disputed the representations made in Manning's December 14, 2012, motion and opposed his January 30, 2013, letter. The Bank asserted that it had previously noted its opposition to a dismissal in its December 17, 2012, letter to the court.
- 2/14/13: The Bank moved for reconsideration of the court's February 1, 2013, dismissal order, and for a hearing. Manning opposed the motion for reconsideration, attaching supporting affidavits from himself and his attorney.
- 4/18/13: The court, without holding a hearing, amended its February 1, 2013, dismissal order "to reflect the dismissal is *without* prejudice."
- 4/25/13: Manning, pursuant to M.R. Civ. P. 52(a), moved for findings of fact and conclusions of law concerning the court's April 18, 2013, amended order, and submitted eight proposed findings. The Bank opposed the motion for further findings.
- 6/3/13: The court ordered the parties "to file simultaneously proposed findings of fact and conclusions of law

within 21 days." Manning, citing for support the affidavits that he and his attorney had filed in opposing the Bank's February 14, 2013, motion for reconsideration, responded with fifty proposed findings. The Bank filed twenty-one proposed findings and conclusions.

- 9/19/13: The court, without holding a hearing, entered the following order:

After reviewing the competing proposed findings of fact, the court adopts [Manning's] proposed findings and incorporates [the Bank's] findings # 4, 5, 7, 8, 11. [The Bank] has failed to address the allegations regarding scheduling of a deposition and correspondence regarding incomplete discovery. Accordingly, the 4/18/13 order is vacated and the 2/1/13 order is reinstated. Case dismissed with prejudice.

[¶ 4] The Bank filed a notice of appeal. Manning filed a motion to strike section two of the Bank's reply brief; we ordered that the motion be considered with the merits of the appeal. We now deny the motion to strike and reach the merits of the parties' arguments.

## II. DISCUSSION

[¶ 5] To address the issues raised on appeal, we examine the court's key actions in their chronological order.

### A. The November 9, 2012, Order Imposing a Discovery Sanction

[¶ 6] On November 7, 2012, Manning wrote to the court to request a hearing "pursuant to [M.R. Civ. P.] 26(g)(1) ... regarding an ongoing discovery dispute." Manning advised the court that he sought an order compelling discovery, and "the attorney[ ] fees expended in trying to get

the [Bank] to comply with its discovery obligations."

[¶ 7] Two days later, without holding a hearing, the court responded to the letter with an order that provided, in part:

Pursuant to the provisions of M.R. Civ. P. 37(a)(2), it is ORDERED and AD-JUDGED, as follows:

1. That the [Bank] file and serve answers to the interrogatories upon opposing counsel on or before November 30, 2012.

1a. That the [Bank] respond in full to the request [for discovery] and serve the response upon opposing counsel on or before November 30, 2012.

2. That the [Bank] pay to [Manning] reasonable expenses in the amount of $150 within 30 days.

3. That service of this order be made by the clerk of this court by mailing attested copies to counsel of record.

4. Failure to comply with this order will result in a dismissal with prejudice of the complaint.

The court's eventual dismissal of the Bank's complaint with prejudice, subsequent amendment to a dismissal without prejudice, and ultimate reinstatement of the dismissal with prejudice, all flowed from that order, specifically the provision imposing a $150 discovery sanction.

[¶ 8] Maine Rule of Civil Procedure 26(g), invoked by Manning to request a hearing on the parties' discovery dispute, provides, in part, that

[n]o written motions under Rule . . . 37 [concerning orders compelling discovery and sanctions] shall be filed without the prior approval of a justice or judge of the court in which the action is pending.

The moving party shall first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If the dispute is not resolved by agreement, the moving party shall request a hearing from the clerk by letter.

. . . .

The court may issue an order without a hearing if the request is based on a failure to either answer or object to outstanding discovery requests.

M.R. Civ. P. 26(g)(1)-(2). The Bank's alleged failure to respond to outstanding discovery requests was the basis for Manning's letter, and so the court did not err in issuing an order compelling discovery without first holding a hearing.[1]

[¶ 9] The court's order did more than simply compel discovery, however. Two days after Manning requested a hearing, the order imposed a $150 sanction on the Bank without a hearing, or any other intervening event, actually taking place. Rule 37(a), cited by the court as the authority for its order, requires a hearing before a monetary sanction is imposed on a party:

If the motion [for an order compelling discovery] is granted, the court shall, *after opportunity for hearing*, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

---

1. Even if a formal hearing is not required, the Rule correctly anticipates that active interaction between the parties and the court, for example an in-chambers or telephonic conference of counsel, can often resolve discovery disputes before they become the primary focus of the litigation, as occurred in this case.

M.R. Civ. P. 37(a)(4) (emphasis added). Applying the plain language of Rule 37(a)(4), the court erred in imposing the monetary sanction when it did. *See Bertin v. Bertin,* 2013 ME 70, ¶ 6, 71 A.3d 729 (stating that "[w]e review an interpretation of the Rules of Civil Procedure de novo and look to the plain language of the rules to determine their meaning" (quotation marks omitted)).

[¶ 10] Furthermore, in addition to compelling discovery and imposing a monetary sanction, the court included in its order a predetermined penalty to be imposed if the Bank failed to comply—the ultimate sanction of a dismissal with prejudice. Although "[t]he imposition of sanctions ... remains a discretionary decision," we have cautioned that "[d]ismissal with prejudice is a severe sanction that has constitutional implications and will be given close scrutiny on appeal." *U.S. Bank, N.A. v. Sawyer,* 2014 ME 81, ¶ 11, 95 A.3d 608. In this case, the court's predetermination of the ultimate sanction at a preliminary stage of the litigation, to be imposed regardless of how serious or minor the Bank's noncompliance with the discovery order might prove to be, acted to limit the discretion that the court could have exercised at a future hearing.

B. The February 1, 2013, Order Dismissing the Complaint With Prejudice

[¶ 11] The court's February 1, 2013, order dismissing the Bank's complaint with prejudice was a straightforward grant of Manning's January 8, 2013, motion requesting an order of dismissal. Manning's motion asserted one ground—that the $150 discovery sanction was paid several days late.

1. Standard of Review

[¶ 12] We closely review a dismissal with prejudice for an abuse of the court's discretion:

Due to the severity of a dismissal or default, and the constitutional implications of such an action, we have observed that the trial court's discretion in imposing either ultimate sanction is narrow indeed and will be given close scrutiny on appeal.

. . . .

In imposing sanctions, the trial court must consider a number of factors, including (1) the purpose of the specific rule at issue; (2) the party's conduct throughout the proceedings; (3) the party's basis for its failure to comply; (4) prejudice to other parties; and (5) the need for the orderly administration of justice. The court should also consider the purpose to be served by imposing sanctions, including penalizing the noncompliant party and deterring similar conduct.

*Bayview Loan Servicing, LLC v. Bartlett,* 2014 ME 37, ¶¶ 11–12, 87 A.3d 741 (alteration, citations, and quotation marks omitted).

[¶ 13] Because it is "the rare case that requires the ultimate sanction," *Estate of Hoch v. Stifel,* 2011 ME 24, ¶ 36, 16 A.3d 137 (quotation marks omitted), we have said that "serious instances of noncompliance with pretrial procedures can support a trial court's imposition of dismissal as a sanction." *Unifund CCR Partners v. Demers,* 2009 ME 19, ¶ 12, 966 A.2d 400 (alteration and quotation marks omitted). Nevertheless, "[w]hen a trial court is forced to intervene in the discovery process, it has broad discretion to impose deadlines and enforce discovery sanctions, including dismissal with prejudice." *Douglas v. Martel,* 2003 ME 132, ¶ 11, 835 A.2d 1099.

2. Application of the Standard of Review to These Facts

[¶ 14] Applying "close scrutiny" to the trial court's decision, *Sawyer,* 2014 ME

81, ¶ 11, 95 A.3d 608, we conclude that the court abused its discretion in dismissing the complaint with prejudice for two reasons. First, Manning's letter that resulted in the order did not specify an amount sought as a sanction, but rather requested "attorney[ ] fees associated with pursuing [discovery]" to be determined at a hearing. The court evidently determined that the matter was not serious enough to require a hearing, and it imposed a sanction of only $150—likely representing a small percentage of Manning's actual attorney fees. The Bank's payment of the $150 penalty between four and eight days late (by Manning's calculations) is not a violation of the discovery order significant enough to satisfy the test for imposing the ultimate sanction of dismissal. *See Bayview*, 2014 ME 37, ¶ 11–12, 87 A.3d 741.

[¶ 15] By way of comparison, in *Sawyer* we affirmed the Superior Court's dismissal with prejudice of U.S. Bank N.A.'s foreclosure complaint after the Bank (1) conceded that it failed to participate constructively in four rounds of mediation, (2) appeared unprepared to proceed at a show cause hearing of which it had notice, and (3) acknowledged to the trial court that the homeowners had "been through hell." 2014 ME 81, ¶¶ 12–13, 16 n. 5, 95 A.3d 608. We concluded that "[g]iven the Bank's failure to meet its burden at the show cause hearing—*after receiving adequate notice and a meaningful opportunity to be heard on the potential dismissal*—... the court did not abuse its discretion in imposing the sanction [of dismissal with prejudice]." *Id.* ¶ 12 (emphasis added).

[¶ 16] In contrast to *Sawyer*, here the court imposed the ultimate sanction without ever holding a hearing or conference of counsel, and did so for the comparatively minor violation of allegedly paying a $150 penalty between four and eight days late. That justification for dismissing a $631,000

claim does not survive close scrutiny. *See id.* ¶ 11. Accordingly, the court abused its discretion in dismissing the complaint with prejudice on this ground.

[¶ 17] The second reason for our conclusion that the court abused its discretion in dismissing the complaint is that the Bank's payment of the $150 sanction on December 17, 2012, was not late. The order imposing the sanction was signed on November 9, 2012. It required payment of the $150 penalty "within 30 days"—but did not say within thirty days of what—and specified that "service of this order be made by the clerk of this court by mailing attested copies to counsel of record." The order was entered on the docket and mailed to the parties on November 14.

[¶ 18] By rule, "[t]he notation of a judgment in the civil docket ... constitutes the entry of the judgment.... The date of entry of the judgment or order shall govern time calculations pursuant to these rules...." M.R. Civ. P. 58. November 14 plus thirty days falls on December 14. Three days is then added because the court specified that service was to be made by mail—logical because there was no hearing at which the parties would have become aware of the order—and "[w]henever a party ... is required to do some act ... after [ ] service ... and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." M.R. Civ. P. 6(c). Accordingly, whether the Bank was required to pay the sanction within thirty days of the entry of the order on the docket or within thirty days of service by mailing, payment was due on December 17, which is the date payment was made.

[¶ 19] The payment could only be considered late if November 9, which is the date the order was signed, is used as a starting point for the time calculation. Manning argues that signing the order

was the operative act because Rule 58 makes the order "effective and enforceable upon signature by the court," but the same rule differentiates between when an order is effective and when the time for compliance with it begins to run. *See* M.R. Civ. P. 58 ("The date of *entry of the . . . order* shall govern time calculations pursuant to these rules. . . ." (emphasis added)).

[¶ 20] Dismissal of the complaint with prejudice for late payment of the $150 sanction when the payment was not late constitutes an abuse of the court's discretion. *See Bayview,* 2014 ME 37, ¶ 11, 87 A.3d 741 ("*When the court has determined the facts without error* . . . we will defer to the trial court. . . ." (emphasis added) (quotation marks omitted)).

C. The Court's Entry of Findings of Fact and Conclusions of Law

[¶ 21] After the court amended its February 1, 2013, order to reflect a dismissal without prejudice, Manning moved for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a). The court ordered the parties to simultaneously file proposals; it then adopted, without a hearing, the fifty findings proposed by Manning and five of the twenty-one findings proposed by the Bank. Based on its adopted findings and conclusions, the court reinstated its February 1 order and again dismissed the complaint with prejudice.

[¶ 22] The Bank contends that the court erred in making findings pursuant to Rule 52(a) when there had not been a trial. "We review an interpretation of the Rules of Civil Procedure de novo and look to the plain language of the rules to determine their meaning." *Bertin,* 2013 ME 70, ¶ 6, 71 A.3d 729 (quotation marks omitted). Rule 52(a) provides:

In all actions tried upon the facts without a jury or with an advisory jury, the Superior Court justice . . . shall, upon the request of a party made as a motion . . . find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment if it differs from any judgment that may have been entered before such request was made. . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . . Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 50(d).

M.R. Civ. P. 52(a).[2]

[¶ 23] Manning is correct in arguing that the rule states that findings on motions are "unnecessary," not that they are altogether barred. Furthermore, he accurately cites a Maine treatise for the proposition that "[a] request for findings on a motion is [ ] addressed to the discretion of the trial judge." 3 Harvey, *Maine Civil Practice* § 52:2 at 151 (3d ed. 2013). The tenor of the rule, however, anticipates that findings of fact are made by the court after it has received evidence at a trial or hearing—thus its references to "actions tried upon the facts" and the court's "opportunity . . . to judge [ ] the credibility of the witnesses." *See* M.R. Civ. P. 52(a). Here, Manning did not request explanatory findings, for example findings following an order granting a motion for summary judgment, or an order admitting or excluding evidence. Instead, Manning's motion sought *initial, foundational* findings, es-

---

2. Maine Rule of Civil Procedure 52 has been amended, effective September 1, 2014. *See* Amendments to the Maine Rules of Civil Procedure, 2014 Me. Rules 05 (dated June 19, 2014) (effective Sept. 1, 2014). The amendments do not affect our analysis of this issue.

sentially in lieu of a hearing or trial, on which the court could then base a dispositive judgment, namely its order dismissing the Bank's complaint with prejudice.

 [¶ 24] The procedure employed by the trial court was the reverse of what Rule 52(a) contemplates. The "plain language of the rule[ ]," *Bertin,* 2013 ME 70, ¶ 6, 71 A.3d 729 (quotation marks omitted), does not anticipate the court making factual findings without an evidentiary record on which to base those findings; rather, it affords the court an opportunity to clarify and expound upon its rationale for a prior decision. The rule allows a court to correct its prior decision by "direct[ing] the entry of the appropriate judgment if it differs from any judgment that may have been entered before such request was made." M.R. Civ. P. 52(a). As we construe Rule 52(a), the court erred in granting Manning's motion for findings of fact and conclusions of law when no hearing or trial had taken place to generate a record from which findings could be drawn.[3]

D.  The 9/19/13 Order Dismissing the Complaint With Prejudice

[¶ 25] The court's final order reinstating its February 1, 2013, order is the operative judgment that we review in this appeal. Because, as we have explained, (1) the order initially imposing a $150 sanction on the Bank was unauthorized; (2) the reinstated February 1, 2013, order dismissing the Bank's complaint with prejudice was an abuse of the court's discretion; and (3) M.R. Civ. P. 52(a) did not permit the court to enter findings of fact and conclusions of law on which to base its final order dismissing the complaint with

prejudice for a second time, we must vacate the final September 19, 2013, order.

The entry is:

Judgment vacated.  Remanded for further proceedings consistent with this opinion.

---

3.  The Bank further contends that the court erred in finding facts that were not supported by the record, and that were beyond the scope of the order that led to Manning's request for findings.  Because we have determined that the act of issuing findings in the first place was in error, we do not address this argument.