me/

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-12-288

US BANK, NATIONAL
ASSOCIATION,

    Plaintiff

    v.

NANCY S. SMITH and
PAUL D. SMITH,

    Defendants

ORDER ON PLAINTIFF'S
MOTION TO RECONSIDER

Before the court is plaintiff's motion to reconsider the award of attorney's fees to defendants. For the following reasons, the motion is denied.

As stated in the court's order dated 1/14/15, the "court has carefully reviewed the affidavit of Attorney Levis and the description of the work performed on, and the hours devoted to, this case." Unlike in the Bridgton District Court case cited by plaintiff, Attorney Levis's affidavit did not lack sufficient detail to allow this court to determine the "nature and necessity of a substantial portion of the legal work performed by defendants' counsel." Nationstar Mortgage, LLC v. Quincy, No. BRIDC-RE-09-191, at 2 (Me. Dist. Ct., Bridgton, Dec. 17, 2014). If the court had thought the fees were excessive, they would have been reduced, as in the West Bath District Court case. Deutsche Bank Nat'l Trust Co. v. Wade, No. WES-RE-12-134 (Me. Dist. Ct., West Bath, Dec. 22, 2014).

This complaint was filed 7/11/12. The case was called for trial on 3/19/13 and 11/6/13 and was continued. The Bank of America v. Greenleaf decision was filed 7/3/14. Bank of Am. v. Greenleaf, 2014 ME 89, 96 A.3d 700. Plaintiff's counsel in this case represented plaintiff Bank of America in the Greenleaf case.

1

By notice dated 8/18/14, the case was called to trial on 11/4/14. Four days before trial, on 10/30/14, plaintiff filed a motion to dismiss without prejudice based on Greenleaf. The motion was opposed by defendants, who requested a dismissal with prejudice.

Between 8/18/14 and 11/4/14, defendants incurred $7,897.50 in attorney's fees in preparation for trial. Plaintiff delayed a dismissal in this case by four months, even though the facts in this case with regard to the notice of right to cure are identical to those in Greenleaf. (Pl.'s Mot. to Dismiss at 2 (In Greenleaf, "the Law Court considered language contained in Plaintiff's Notice which is identical to the language at issue in this subject Notice.").) See Wooldridge v. Wooldridge, 2008 ME 11, ¶ 12, 940 A.2d 1082 ("[A]warding attorney's fees to one party because the other party has unnecessarily prolonged the litigation is well within a court's discretion.") "He who seeks equity must do equity." Hazzard v. Westview Golf Club, Inc., 217 A.2d 217, 226 (Me. 1966).

Plaintiff also argues that the court should disbelieve statements from Attorney Levis in his reply to the objection to the motion for fees. (Mot. to Reconsider at 3; Defs.' Reply to Obj. to Mot. for Attorney's Fees at 2.) Plaintiff's argument is inappropriate and without support.

The entry is

Plaintiff's Motion for Reconsideration is DENIED.

Dated: April 23, 2015

Nancy Mills
Justice, Superior Court


Plaintiff-John Doonan Esq/Jenai Cormier Esq
Defendants-S James Levis Esq

2