MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 78
Docket:        Was-23-169
Submitted
  On Briefs:   November 29, 2023
Decided:       December 28, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

CAROL WILLIAMSON

v.

DAVID FINLAY

STANFILL, C.J.

[¶1]  Carol Williamson appeals from the District Court's (Machias, *Harrigan, J.*) order dismissing her complaint for protection from harassment and awarding attorney fees to David Finlay, and from the denial of her motion for relief from judgment pursuant to Maine Rule of Civil Procedure 60(b). Because Williamson's notice of appeal is untimely to the extent that it is from the underlying judgment, the only issue before us is whether the trial court erred in denying her Rule 60(b) motion.  We affirm.

[¶2]  In an order docketed on March 22, 2023, the court dismissed with prejudice Williamson's complaint for protection from harassment and awarded attorney fees to Finlay after Williamson and her attorney failed to appear for the final hearing on her claim.  Williamson moved for relief from judgment

pursuant to Maine Rule of Civil Procedure 60(b) the next day.  Finlay opposed that motion.  In a revised order on May 5, the court denied Williamson's motion for relief, finding "[n]o error or injustice exists which would require the Court to vacate its Order."

[¶3]  Williamson filed a notice of appeal as to both orders on May 9.

[¶4]   A civil appeal may be taken within "21 days after entry into the docket of the judgment or order appealed from."  M.R. App. P. 2B(c)(1).  The time for appeal is extended if a party timely files a motion

(A) for judgment as a matter of law under M.R. Civ. P. 50(b); or

(B) to make or amend findings of fact or conclusions of law under M.R. Civ. P. 52(a) or (b); or

(C) for a new trial under M.R. Civ. P. 59; or

(D) to alter or amend the judgment, including a motion for reconsideration of the judgment under M.R. Civ. P. 59; or

(E) for reopening or reconsideration before the Public Utilities Commission pursuant to its rules of practice.

M.R. App. P. 2B(c)(2).  A motion for relief from judgment under Rule 60(b) is not among the motions listed in the rule and does not extend the time for filing an appeal.  *See id.*  Moreover, Rule 60(b) itself provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."  M.R. Civ. P. 60(b).

[¶5]  Williamson filed her notice of appeal on May 12, within twenty-one days after denial of the 60(b) motion, but more than twenty-one days after the judgment of March 22.  Her appeal from the dismissal and award of attorney fees is therefore untimely, and only the appeal from the denial of the motion under M.R. Civ. P. 60(b) is timely and reviewable.

[¶6]  Williamson's arguments before this court are directed to the March 22 judgment.  Although her appeal of the denial of her 60(b) motion is timely, Williamson has developed no arguments in connection with that appeal and we therefore consider her challenge to that order to be waived.[1]  *See Melhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation marks omitted).

The entry is:

Judgment affirmed.

---

[1]  Even if we were to consider Williamson's argument on the merits, we would affirm the order. "We review the denial of a M.R. Civ. P. 60(b) motion for an abuse of discretion and will set aside the decision only if the failure to grant the relief works a plain and unmistakable injustice against the [moving party]." *Woolridge v. Woolridge*, 2008 ME 11, ¶ 7, 940 A.2d 1082 (quotation marks omitted). "Rule 60(b) 'presupposes that a party has performed [her] duty to take legal steps to protect [her] own interests *in the original litigation.*'" *McKeen & Assocs. v. Dep't of Transp.*, 1997 ME 73, ¶ 4, 692 A.2d.924 (quoting *Reville v. Reville*, 370 A.2d 249, 254 (Me. 1977)). "The appellant has the burden of showing that the trial court exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *In re David H.*, 2009 ME 131, ¶ 41, 985 A.2d 490 (quotation marks omitted). The court reasonably found that Williamson's failure to appear for the final hearing was not the result of excusable neglect, and thus its denial of her 60(b) motion was within its discretion.

F. David Walker, IV, Esq., Rudman Winchell, Bangor, for appellant Carol Williamson

Jeffrey W. Davidson, Esq., Davidson Law Office, LLC, Machias, for appellee David Finlay

Machias District Court docket number PA-2022-76
FOR CLERK REFERENCE ONLY