MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2014 ME 37
Docket:      Yor-13-298
Argued:      January 14, 2014
Decided:     March 4, 2014

Panel:       ALEXANDER, LEVY, <u>SILVER</u>, MEAD, GORMAN, and JABAR, JJ.

## BAYVIEW LOAN SERVICING, LLC

v.

## JOHN H. BARTLETT et al.

SILVER, J.

[¶1]  Bayview Loan Servicing, LLC,[1] appeals from a judgment entered in the District Court (York, *Cantara, J.*) dismissing with prejudice Bayview's complaint seeking a judgment of foreclosure against John H. Bartlett and Cheryl J. Bartlett.  Bayview argues that the District Court erred or abused its discretion in dismissing the action based on Bayview's failure to appear at three mediation sessions.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  On November 23, 2009, Bayview filed a complaint in the District Court seeking a judgment of foreclosure against the Bartletts, alleging that the Bartletts had defaulted on a note in the amount of $136,500 secured by a mortgage

---

[1]  The original appellant in this matter was U.S. Bank National Association.  During the pendency of this case, U.S. Bank assigned its interest in the mortgage loan to Bayview, and Bayview was substituted as the proper appellant.  For the sake of simplicity, we refer to U.S. Bank and Bayview collectively as "Bayview."

on their home. An informational session was held on April 16, 2010, and the court ordered that the parties attend a mediation session on June 9, 2010. Neither party objected to this order. The order stated that "[t]he Court may sanction parties and/or counsel who fail to attend and participate in mediation." The court granted Bayview's request to appear telephonically.

[¶3] Bayview failed to both appear at the mediation and timely file the required forms. The Bartletts filed a motion to dismiss based on Bayview's failure to appear. By orders entered on June 23, 2010, the court (*Cantara, J.*) dismissed the case without prejudice and ordered Bayview to pay $500 to the Foreclosure Diversion Program. Bayview moved for relief from the dismissal order on the basis that it had not had an opportunity to file an opposition to the Bartletts' motion to dismiss, and that the court's order appeared to have been entered inadvertently and prematurely. The court granted Bayview's motion and vacated its dismissal order on August 12, 2010, to permit Bayview to file an opposition. After Bayview filed an opposition, the court took no further action on the Bartletts' motion to dismiss.

[¶4] On July 5, 2011, Bayview filed a motion for summary judgment. On July 20, 2011, however, with Bayview's consent, the Bartletts filed a motion to enlarge the time to respond to the motion for summary judgment until mediation

had taken place or, alternatively, until September 1, 2011. The court granted the motion, and a second mediation session was scheduled.

[¶5] At the second mediation session on January 30, 2012, Bayview informed the Bartletts that they had been tentatively approved for a trial loan modification, with formal approval expected within three to four weeks. The Bartletts' monthly payment was estimated at $1041.24. On or around March 8, 2012, the Bartletts received a letter dated March 1, 2012, indicating that they had been approved for a trial modification. The letter stated, however, that their monthly payment would be $1233.07—$191.83 higher than originally estimated—with the first payment due by March 1, 2012—several days before the Bartletts received the letter. The Bartletts were also notified that their loan had been transferred to another creditor and servicer. When the Bartletts' counsel was unable to contact Bayview's counsel to discuss the terms of the modification, the Bartletts requested a third mediation.

[¶6] A third mediation session was scheduled for April 9, 2012. Bayview again failed to appear. Bayview's counsel called and represented that she had a flat tire and would arrive late. No representative of Bayview appeared, and counsel was unable to contact anyone with authority to modify the loan.[2]

---

[2] Cheryl Bartlett is not listed in the mediator's report as one of the parties present, but her name appears in the signatures on the final page of the report followed by the phrase "[a]vail[able] by phone." The report indicates that John Bartlett and counsel for the Bartletts were both present.

The Bartletts filed a second motion seeking dismissal with prejudice and other sanctions against Bayview.

[¶7] After a hearing, the court (*Douglas, J.*) entered an order on October 4, 2012, concluding that the ultimate sanction of dismissal with prejudice was not warranted "yet." The court warned Bayview, however, that it had "come very close to that point," and that "if there is a future breach by [Bayview] there is a risk that the court could, upon motion and after proper process, dismiss this case with prejudice." The court ordered that the parties attend a fourth mediation session and sanctioned Bayview, ordering (1) that all interest and fees be tolled from the date of the first mediation until the date of any loan modification, or, if none, the date of the order; (2) that Bayview pay the Bartletts' reasonable expenses, "including lost income and transportation costs for (i) the second and third mediation sessions, (ii) any and all court events they have attended related to this motion, and (iii) lost income and transportation expenses, if any, incurred in connection with a fourth mediation session"; (3) that Bayview pay the Barletts' reasonable attorney fees in connection with the Bartletts' motion; and (4) that Bayview pay a $1000 fine to the Foreclosure Diversion Program.

[¶8] The fourth mediation session was scheduled for February 11, 2013. Counsel for Bayview appeared but was unable to get a representative from Bayview on the phone. The Bayview representative called the court an hour after

the scheduled time, by which point the other participants had left. As a result, the mediator reported that Bayview had failed to attend mediation. The Bartletts again moved for dismissal with prejudice and other sanctions.

[¶9] On April 2, 2013, after a hearing, the court (*Cantara, J.*) dismissed Bayview's complaint with prejudice. The court stated that it was "aware of the gravity of the sanction it is imposing," but concluded that dismissal with prejudice was "the only appropriate sanction" in light of Bayview's "pattern of disruptive behavior," its failure to respond to lesser sanctions, and the court's "strong warning" that future noncompliance could result in dismissal with prejudice. The court rejected Bayview's argument that its failure to appear at the fourth mediation session was excusable because it was the result of an inadvertent error of counsel, reasoning that "[a]fter failing to appear on two previous occasions," Bayview "should have been [hypervigilant] about ensuring that it appeared at all future mediation sessions." The court also noted that the case had been pending since 2009 and that Bayview's conduct deprived the Bartletts of three opportunities to mediate. Bayview filed a motion for reconsideration, which the court denied. Bayview timely appealed.

## II. DISCUSSION

### A. Standard of Review

[¶10] We review the imposition of sanctions for an abuse of discretion. *See Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 32, 16 A.3d 137 (reviewing imposition of sanctions for discovery violations); *Unifund CCR Partners v. Demers*, 2009 ME 19, ¶ 8, 966 A.2d 400 (reviewing imposition of sanctions pursuant to M.R. Civ. P. 16A(d)). Our review for an abuse of discretion involves three questions: (1) whether the court's factual findings are supported by the record according to the clear error standard, (2) whether the court understood the law applicable to the exercise of its discretion, and (3) whether the court's "weighing of the applicable facts and choices [was] within the bounds of reasonableness." *Bradbury v. City of Eastport*, 2013 ME 72, ¶ 12, 72 A.3d 512 (quotation marks omitted); *see also Smith v. Rideout*, 2010 ME 69, ¶ 13, 1 A.3d 441 (outlining circumstances in which we have determined that a trial court abused its discretion).

[¶11] "[D]ue to the severity of a dismissal or default, and the constitutional implications of such an action, we have observed that the trial court's discretion in imposing either ultimate sanction is narrow indeed and will be given close scrutiny on appeal." *Unifund CCR Partners*, 2009 ME 19, ¶ 13, 966 A.2d 400 (quotation marks omitted); *see also Estate of Hoch*, 2011 ME 24, ¶ 32, 16 A.3d 137 ("[W]e more closely scrutinize sanctions such as dismissal or default." (quotation marks

omitted)). Even so, "we do not lightly overrule the trial court's decision." *Estate of Hoch*, 2011 ME 24, ¶ 32, 16 A.3d 137 (quotation marks omitted); *see also Orlandella v. O'Brien*, 637 A.2d 105, 106 (Me. 1994) ("The Constitution mandates only that a plaintiff be afforded a meaningful opportunity to assert her claim."). "When the court has determined the facts without error and has understood the factors and law material to the decision at hand, we will defer to the trial court and will find an abuse of discretion only where the court makes a serious mistake in weighing the applicable factors." *Estate of Hoch*, 2011 ME 24, ¶ 34, 16 A.3d 137 (quotation marks omitted).

B.    Analysis

[¶12]   Title 14 M.R.S. § 6321-A(12) (2013) and Maine Rule of Civil Procedure 93(j)  permit a trial court to impose sanctions, including dismissal with prejudice, on a party that fails to appear at mediation or to mediate in good faith.[3] In imposing sanctions, the trial court must consider a number of factors, including "(1) the purpose of the specific rule at issue; (2) the party's conduct throughout the proceedings; (3) the party's basis for its failure to comply; (4) prejudice to other parties; and (5) the need for the orderly administration of justice." *Estate of Hoch*, 2011 ME 24, ¶ 33, 16 A.3d 137; *see also Baker's Table, Inc. v. City of Portland*,

---

[3]   Both parties and their counsel must attend mediation.   14 M.R.S. § 6321-A(11)-(12) (2013); M.R. Civ. P. 93(h), (j).

2000 ME 7, ¶ 17, 743 A.2d 237. "The court should also consider the purpose to be served by imposing sanctions, including penalizing the noncompliant party and deterring similar conduct." *Estate of Hoch*, 2011 ME 24, ¶ 33, 16 A.3d 137; *see also Harris v. Soley*, 2000 ME 150, ¶ 10, 756 A.2d 499 ("The court must also consider the purposes to be served by imposing sanctions, including penalizing the noncompliant party, remedying the effects of the noncompliance, and deterring similar conduct by the offending party, as well as by others.").[4]

[¶13]  The court "need not find willfulness, bad faith, or fault" in order to impose sanctions. *Estate of Hoch*, 2011 ME 24, ¶ 33, 16 A.3d 137 (quotation marks omitted); *Unifund CCR Partners*, 2009 ME 19, ¶ 12, 966 A.2d 400 (quotation marks omitted).  Rather, "the trial court should evaluate the effect pretrial violations have on the adverse party and also consider the purpose the sanctions are to serve in exercising its discretion." *Unifund CCR Partners*, 2009 ME 19, ¶ 12, 966 A.2d 400 (quotation marks omitted).

[¶14]  Parties are not entitled to a warning that the trial court may dismiss a case based on noncompliance with pretrial procedures.  *See Douglas v. Martel*, 2003 ME 132, ¶ 10, 835 A.2d 1099 (stating that the plaintiff was "not entitled to a

---

[4]  In addition to considering whether sanctions are appropriate and what sanction to impose, the court should also consider "upon whom—party or counsel, or both—to impose the sanction." *Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me. 1986).  Although Bayview attributes at least some of its failures to appear at mediation to errors of counsel, it does not argue that the court erred or abused its discretion in choosing not to sanction counsel alone.

warning that [his] blatant violations of the discovery rules could result in the dismissal of [his] action" (alterations in original) (quotation marks omitted)); *St. Paul Ins. Co. v. Hayes*, 2001 ME 71, ¶ 14, 770 A.2d 611 ("We have never said that the trial court must 'warn' a party before sanctioning that party with dismissal or default."). We have, however, considered the presence of a warning as a factor supporting dismissal with prejudice. *See, e.g.*, *Douglas*, 2003 ME 132, ¶ 10, 835 A.2d 1099 (noting, in affirming the dismissal of the plaintiff's complaint with prejudice as a discovery sanction, that the plaintiff had been "given two specific warnings that failure to comply would result in dismissal with prejudice"); *Hatch v. Me. Tank Co.*, 666 A.2d 90, 93-94 (Me. 1995) (affirming the dismissal of the plaintiff's claim with prejudice for failure to comply with a discovery order where the order "provided a clear warning that dismissal would be the sanction for continued noncompliance").

[¶15] Bayview argues that the District Court erred or abused its discretion in dismissing Bayview's action with prejudice, contending that (1) mediation was not required in this case, (2) the court misunderstood the legal ramifications of a dismissal with prejudice, (3) the court's order was based on the Bartletts' improperly filed and factually inaccurate motions, (4) the court improperly weighed the prejudice to Bayview and "windfall" to the Bartletts resulting from its

order, and (5) the court "delegated" its fact-finding role to the mediators by failing to hold a testimonial hearing.[5] We address each of these arguments in turn.

### 1. Requirement to Mediate

[¶16] Bayview argues that the court dismissed its complaint based on a mistaken view of the law, in that mediation was not required in this case. This argument fails because Bayview failed to preserve this issue by raising it in the trial court. *See Dobson v. Dep't of the Sec'y of State*, 2008 ME 137, ¶ 3, 955 A.2d 266 (declining to reach a constitutional challenge raised for the first time on appeal); *MP Assocs. v. Liberty*, 2001 ME 22, ¶ 18, 771 A.2d 1040 (holding that an issue raised for the first time on appeal was not properly preserved). Bayview acquiesced in the court's mediation order, and raised no objection to mediation. Indeed, Bayview joined the Bartletts' motion to enlarge the time to respond to Bayview's motion for summary judgment so that the parties could engage in mediation.

### 2. Court's Understanding of Ramifications of Dismissal with Prejudice

[¶17] Bayview next argues that the court did not fully appreciate the legal ramifications of a dismissal with prejudice. Bayview contends that the trial court

---

[5] Bayview also purports to challenge the District Court's October 4, 2012, order imposing sanctions on Bayview, but Bayview's legal arguments focus on the court's later order dismissing the case with prejudice. Bayview has waived any challenge to the propriety of the sanctions imposed prior to the order of dismissal by failing to adequately develop any such argument in briefing. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

"failed to analyze the potential effect its order of dismissal may have on [Bayview]," in that "a dismissal with prejudice in a foreclosure action may forever bar a lender from obtaining a judgment of foreclosure and sale against a debtor." *See Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866 (holding that dismissal with prejudice of a foreclosure action on an accelerated debt barred a later action to recover on the debt).[6]

[¶18] Contrary to Bayview's contentions, there is nothing to suggest that the court did not understand the effect of its order of dismissal.[7] Indeed, the court indicated that it was "aware of the gravity of the sanction it is imposing" in dismissing Bayview's complaint. In essence, Bayview proposes that we treat a dismissal order as an abuse of discretion unless the trial court explicitly discusses the potential res judicata effects of its order. We decline to create such a rule.

3. Reliance on the Bartletts' Motions

[¶19] Bayview further argues that the court abused its discretion in relying on the Bartletts' motions to dismiss, which Bayview contends were improperly

---

[6] The possible res judicata effect of the dismissal in light of *Johnson v. Samson Construction Corp.*, 1997 ME 220, 704 A.2d 866, is not before us, and we do not address that issue.

[7] Bayview contends that the court's statement, in its order imposing sanctions on Bayview, that Bayview may not collect attorney fees or costs pursuant to 14 M.R.S. § 6101 (2013) suggests that the court did not understand the law applicable to the exercise of its discretion because that result "would arguably go without saying with a dismissal with prejudice." Section 6101 provides that "[i]f the mortgagee does not prevail, or upon evidence that the action was not brought in good faith, the court may . . . deny in full or in part the award of attorney's fees and costs to the mortgagee." *Id.* The court's clarification that Bayview is not entitled to attorney fees does not call into question its understanding of the applicable law.

filed, citing 14 M.R.S. § 6321-A(9) (2013) and M.R. Civ. P. 93(d)(1). Section 6321-A(9) provides that "[f]or any foreclosure complaint filed after January 1, 2010[,] that is scheduled for mediation in accordance with this section, a final judgment may not issue until a mediator's report has been completed pursuant to subsection 13." Rule 93(d)(1) provides that

> when mediation is ordered by the court pursuant to subsections (c)(2) or (q), no dispositive motions or requests for admissions shall be filed until five (5) days after mediation is completed and a final mediator's report is filed with the court, or until the court orders that mediation shall not occur.

*See also* M.R. Civ. P. 93 Advisory Notes January 2010 (indicating that Rule 93(d)(1) "is designed to allow the parties to focus on the mediation process").

[¶20] Here, section 6321-A(9) does not apply because the complaint was filed on November 23, 2009. In any event, section 6321-A(9) would not prohibit the entry of final judgment because multiple interim mediator's reports were completed.[8] With respect to Rule 93(d)(1)'s restriction on "dispositive motions," the Bartletts' motions, although styled as motions to dismiss, were in effect motions for sanctions. It would be irrational to interpret Rule 93 to permit the imposition of sanctions, including dismissal, but to prohibit the aggrieved party from requesting such sanctions. *See* M.R. Civ. P. 93(j). Furthermore, as Bayview

---

[8] The statute does not distinguish between final and interim mediators' reports. *See* 14 M.R.S. § 6321-A(9), (13) (2013).

concedes, the court had the authority to dismiss Bayview's complaint sua sponte pursuant to section 6321-A(12) and Rule 93(j).

[¶21] Bayview also suggests that "factual inaccuracies" in the Bartletts' motions "effectively tainted the trial court's view" of the case. Specifically, Bayview contends that the Bartletts misrepresented that Cheryl Bartlett was present at the April 9, 2012, mediation session and that the Bartletts would have been incapable of accepting the proposed loan modification because they received it after the date the first modified payment was due. Even assuming that the Bartletts' motions contained factual inaccuracies, there is no indication that the court relied on the factual representations in the Bartletts' motions. Bayview does not argue that the court's factual findings were clearly erroneous. *See Bradbury*, 2013 ME 72, ¶ 12, 72 A.3d 512.

4.    Weighing of Prejudice to Bayview and Windfall to Bartletts

[¶22] Bayview next contends that the court abused its discretion by failing to appropriately balance the prejudice to Bayview and the "windfall" to the Bartletts stemming from its order of dismissal. Specifically, Bayview argues (1) that the court ignored that Bayview attended the January 30, 2012, mediation session and offered the Bartletts a loan modification; (2) that Bayview's failure to appear at the April 9, 2012, and February 11, 2013, mediation sessions were "unfortunate and unintentional accidents"; and (3) that the court "grossly

14

overestimated the purported 'harm' suffered" by the Bartletts because they had received a "windfall" in the form of "three years of free rent."

[¶23] Although a party's participation in one mediation session and offer of a loan modification could potentially constitute some evidence of good faith, it would not necessarily excuse the party's failure to appear at three other mediation sessions. The court considered and rejected Bayview's excuses for its failure to appear at the final two mediation sessions. With respect to the final mediation session, the court concluded that even if the facts were as Bayview alleged, Bayview's absence was inexcusable in light of Bayview's failure to appear at two earlier mediation sessions. The court reasoned that Bayview's repeated failures to participate in mediation had deprived the Bartletts of opportunities to resolve the case, and that lesser sanctions and the court's warning had been ineffective in altering Bayview's behavior. The court's "weighing of the applicable facts and choices [was] within the bounds of reasonableness" and does not constitute an abuse of discretion. *See Bradbury*, 2013 ME 72, ¶ 12, 72 A.3d 512.

5.    Delegation of Fact-Finding Role to Mediators

[¶24] Finally, Bayview argues that the Court inappropriately "delegated" its fact-finding role to the mediators and suggests that the court should have held a testimonial hearing. Because Bayview raised this issue for the first time in its

reply brief, Bayview has failed to preserve this argument. *See Baillargeon v. Estate of Daigle*, 2010 ME 127, ¶ 14 n.2, 8 A.3d 709.

[¶25]   To the extent that a testimonial hearing would have permitted Bayview to show that its third failure to appear was the result of an inadvertent error of counsel, the court concluded that such an error was not excusable in light of Bayview's previous failures to appear at mediation.   Moreover, Bayview does not contest any of the material facts found by the court.   The court did not err or abuse its discretion.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Andrew W. Sparks, Esq., Julia G. Pitney, Esq. and Christopher L. Brooks, Esq., Drummond & Dummond, LLP, Portland, for appellant Bayview Loan Servicing, LLC

Peter Clifford, Esq., Clifford & Clifford, LLC, Kennebunk, for appellees John H. Bartlett and Cheryl J. Bartlett

**At oral argument:**

Andrew W. Sparks, Esq., for appellant Bayview Loan Servicing, LLC

Peter Clifford, Esq., for appellees John H. Bartlett and Cheryl J. Bartlett