ENTERED DEC 0 5 2014 *Mel*

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-12-197

JAW-CUM-11-24-14

BANK OF AMERICA, N.A.,

    Plaintiff

v.

GEORGE J. KELLY, JR.,

    Defendant.

ORDER ON MOTION
FOR SANCTIONS

STATE OF MAINE
Cumberland. ss. Clerk's Office

NOV 2 4 2014

RECEIVED

This matter is before the court on defendant's motion for sanctions. Defendant argues that plaintiff must be sanctioned for failing to mediate in good faith as required by the Foreclosure Diversion Program under M.R. Civ. P. 93(j). For the following reasons, defendant's motion for sanctions is granted.

## BACKGROUND

Plaintiff filed its complaint for foreclosure in this case more than two years ago, on April 13, 2012. Since then, the parties have engaged in multiple mediation sessions, the most recent of which was held on February 7, 2014. On that day, after 8 months of mediation, the plaintiff requested an entirely new financial packet from the defendant, claiming it never received the documents necessary to process a loan modification. (2/7/14 Mediator's Report of Noncompliance.) The mediator found that this conflicted with the plaintiff's prior representations and issued a report of noncompliance. Defendant requested sanctions, which the court granted on May 6, 2014. (5/6/14 Order.)

While defendant's first motion for sanctions was pending, defendant began resubmitting the requested documents. (1st McKelway Aff. ¶¶ 16-20.) On

June 25, 2014, defendant's housing counselor contacted the servicer for a status update and the servicer informed defendant that it could not process the modification request because the profit and loss statement submitted by defendant did not have a business name on it. (1st McKelway Aff. ¶ 27.) Defendant's housing counselor explained that defendant does not have a business name—he simply uses his own name, but the servicer requested a letter explaining that he does business under his own name. (1st McKelway Aff. ¶ 27.) Up to that point, defendant had already submitted multiple profit and loss statements, and plaintiff never objected to their form. (1st McKelway Aff. ¶ 28.) Defendant's housing counselor mailed the letter on June 30 along with an updated profit and loss statement for the month of May. (1st McKelway Aff. ¶ 30.) Defendant filed the motion for sanctions on July 7, 2014.

On August 8, 2014, the loan servicer told defendant's housing counselor that the only document it needed was a bank statement for July 2014, showing defendant's monthly social security benefit. (2nd McKelway Aff. ¶ 8.) Defendant had already submitted multiple documents showing his social security income benefit. (2nd McKelway Aff. ¶ 9.) Since August 8, 2014, plaintiff has not notified defendant that he needed to submit any other documents. At argument on October 30, 2014, plaintiff's counsel stated that the loan modification request could not be processed because defendant has failed to submit an up-to-date profit and loss statement.

## DISCUSSION

Under Rule 93(j) and 14 M.R.S. § 6321-A(12) (2013), the court may impose sanctions on a party for failure to mediate in good faith. *Bayview Loan Servicing, LLC v. Bartlett*, 2014 ME 37, ¶ 12, 87 A.3d 741. In *Bayview*, the Law Court

2

identified several factors for the court to consider in imposing sanctions, including:

(1) the purpose of the specific rule at issue;
(2) the party's conduct throughout the proceedings;
(3) the party's basis for its failure to comply;
(4) prejudice to other parties; and
(5) the need for the orderly administration of justice.

*Id.* "The court should also consider the purpose to be served by imposing sanctions, including penalizing the noncompliant party and deterring similar conduct." *Id.* The court may also consider the effect violations have on the adverse party. *Id.* ¶ 13. A showing of bad faith or fault is not required for the court to impose sanctions. *Id.*

Plaintiff's conduct in this case is unacceptable. Plaintiff has delayed, failed to communicate with defendant, required defendant to submit multiples of documents he had already submitted, and still has yet to make a decision on defendant's request for a loan modification. Although plaintiff may be correct that the profit and loss statement was not submitted in the correct form, plaintiff did not timely communicate that information to the defendant and did not take prompt action when defendant submitted his letter explaining his business name. Defendant had already submitted multiple profit and loss statements before June 2014 and plaintiff never objected until defendant's housing counselor called to find out whether his application was complete.

In considering the required factors, the court first finds that the purpose of mediation has been frustrated by plaintiff's failure to timely and competently handle defendant's documents. Second, plaintiff has already been sanctioned in this case and should have been aware that it needed to process defendant's loan modification request. Third, plaintiff's explanation, that it did not receive the

3

profit and loss statement in the correct form is not convincing. Defendant has promptly submitted requested documents and there is no reason that he would not have submitted the profit and loss document in the correct form had plaintiff made the request. Fourth, defendant is prejudiced by the continuous delay, the uncertainty surrounding the status of his loan, and the extra costs and interest that have and continue to grow. Finally, plaintiff's conduct is also a strain on limited court resources. Multiple mediation sessions have been held and continue to be scheduled and rescheduled because plaintiff is unable to process defendant's application in a timely manner. Accordingly, the following sanctions are hereby ordered:

1. Plaintiff shall eliminate from defendant's loan account all interest, late fees, property inspection fees, collection fees, default fees and legal fees incurred from the date of the commencement of the foreclosure action through the date the foreclosure action is resolved.

2. The fees must be removed from defendant's account and an updated accounting must be sent to defendant within 30 days of this order.

3. Plaintiff shall pay a penalty to defendant in the amount of $2,500 to deter future violations. This penalty shall be paid to defendant within 30 days of this order.

4. Plaintiff shall pay all of defendant's attorney fees for this foreclosure action since the complaint was filed and until this matter is resolved. Counsel for defendant shall submit an updated attorney fees affidavit with the court at the resolution of this case.

In an effort to timely resolve this case, the court further orders the following:

1. Defendant shall send plaintiff an updated profit and loss statement for all of 2014 within 10 days of the date of this order.

2. Plaintiff shall have 30 days to make a decision on defendant's loan modification request.

3. Plaintiff's failure to comply with this order shall result in dismissal with prejudice.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).



Dated: 11/24/14

_____
Joyce A. Wheeler
Justice, Superior Court

DOCKETED
12/01/14
mc/



Plaintiff-Christine Johnson Esq
Defendant-Chet Randall Esq
PII-Lauren Thomas Esq (TD Banknorth NA)