STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-RE-13-492

STATE OF MAINE
Cumberland ss Clerk s Office

JAN 28 2016

RECEIVED

BANK OF AMERICA, N.A.                    )

Plaintiff,                               )

v.                                       )        ORDER ON DEFENDANTS' MOTION
                                         )        FOR ATTORNEY'S FEES AND
DOUGLAS H. FALABELLA and                 )        MOTION FOR SANCTIONS
LORI L. FALABELLA                        )
                                         )
Defendants.                              )

Before the court are Defendants Douglas and Lori Falabella's motion for attorney's fees and their motion for sanctions. For the following reasons, Defendants' motion for attorney's fees is granted in part and denied in part, and Defendants' motion for sanctions is denied.

## I.   BACKGROUND

Plaintiff filed this action for foreclosure in August 2013. (Compl. 1.) Defendants sought referral to the Foreclosure Diversion Program. (Pl. Objct. to Def. Mot. Att'y Fees ¶ 1.) The first mediation session was held in January 2014, but a resolution was not reached. (1/13/14 Med. Report 1.) At this mediation session, Defendants indicated that they wished to apply for a modification, and a deadline for Defendants to submit materials required for this application was set for February 20, 2014. (*Id.* at 2.) On March 14, 2014, Plaintiff moved to terminate mediation because it had not received the materials. (Pl. Mot. Terminate Med. 1.) On April 1, 2014, Defendants submitted some of the required materials. (Pl. Objct. to Def. Mot. Att'y Fees ¶ 8.) A second mediation session occurred on April 4, 2014, Defendants were given an extension of 30 days to provide the remaining materials, which they did on or about April 29, 2014. (4/4/14

Med. Report 1; Def. Mot. Refer to Med. 1.) Plaintiff declined Defendants' application for a modification on May 9, 2014. (Pl. 2d Mot. Terminate Med. ¶ 6, Ex. A.)

Neither party filed a request for additional mediation sessions by the June 4, 2014, deadline, and the clerk restored the case to the civil docket. On July 11, 2014, Defendants requested a return to mediation, stating that they had not been aware that their application was denied. (Def. Mot. Refer to Med. 1.) The court returned the matter to the Foreclosure Diversion Program in late August 2014. (8/28/14 Order 1.) Plaintiff then filed a second motion to terminate mediation on the basis that it had provided Defendants with a letter in May 2014 that informed them their application for a modification had been denied. (Pl. 2d Mot. Terminate Med. 1.) The court granted the motion to terminate and returned the case to the civil docket in late October 2014. (10/28/14 Order 1.)

In March 2015, Plaintiff filed a motion to dismiss its complaint because it did not wish to prosecute this action until it further reviewed the impact of *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700, and *CitiMortgage, Inc. v. Chartier*, 2015 ME 17, 111 A.3d 39, on this case. (Pl. Mot. Dismiss ¶¶ 2-3.) The court granted dismissal without prejudice. (5/5/15 Order 1.)

On May 4, 2015, Defendants filed a motion for attorney's fees. (Def. Mot. Atty's Fees 1.) Plaintiff filed an objection to Defendants' motion on May 21, 2015. (Pl. Objct. to Def. Mot. Atty's Fees 1.) Defendants then filed a motion for sanctions on May 29, 2015, arguing that Plaintiff impermissibly included matters that allegedly occurred in the mediation sessions in its objection. (Def. Mot. Sanc. 1.) Plaintiff filed an objection to the motion for sanctions on June 22, 2015. (Pl. Objct. to Def. Mot. Sanc. 1.)

## II.  ANALYSIS

### A.  Motion for Attorney's Fees

Defendants seek $10,855.46 in attorney's fees. (Def. Mot. Atty's Fees 1.) Defendants' attorney, James Levis, Jr., asserts that he spent a total of 33.30 hours working on this case, at a rate of $325.00 per hour. (Def. Mot. Atty's Fees 5; Levis Aff. ¶ 5.) Plaintiff argues that Defendants' delays unnecessarily increased their attorney's fees, that one of Mr. Levis's charges was in error, and that the amounts charged for "trial preparation" in December 2014 are excessive. (Pl. Objct. to Def. Mot. Atty's Fees ¶¶ 20-23, 26.)

The statute governing attorney's fees in foreclosure actions provides:

> If the mortgagee does not prevail, or upon evidence that the action was not brought in good faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in defending against the foreclosure or any proceeding within the foreclosure action and deny in full or in part the award of attorney's fees and costs to the mortgagee.

14 M.R.S. § 6101 (2014). The determination of attorney's fees is within the court's discretion. *Town of Freeport v. Ocean Farms of Maine, Inc.*, 633 A.2d 396, 399 (Me. 1993).

Plaintiff does not argue that Defendants should recover no fees. (Pl. Objct. to Def. Mot. Atty's Fees ¶ 18.) Plaintiff only argues that fairness requires some of the requested fees be deducted from the award. (*Id.*) First, Plaintiff argues that it is unreasonable for Plaintiff to pay additional fees incurred as a result of Defendants' delays. (*Id.* ¶ 20.) During the pendency of this foreclosure action, Defendants submitted documents late and mistakenly requested a return to mediation. (*Id.* ¶¶ 21, 26.) According to Defendants' motion for attorney's fees, Mr. Levis charged Defendants $130.00 for receiving Plaintiff's motion to terminate on March 17, 2014. (Def. Mot. Atty's Fees 3.) On April 4, 2014, Mr. Levis charged of $455.00 Defendants for attending the April 4 mediation session. (*Id.* at 4.) On July 10, 2015, Mr. Levis also charged

3

Defendants $65.00 for filing of their motion to refer the action back to mediation. (*Id.* at 5.) Defendants would not have incurred these charges if not for Defendants' late submissions and mistaken request to return this action to mediation. Therefore, it is not reasonable to include these charges in Defendants' award for attorney's fees.

Second, Plaintiff argues that Mr. Levis's $877.50 charge on April 9, 2014, for 2.7 hours of work titled "initial review of pleadings; prepared draft Answer" was in error and should not be awarded. (Pl. Objct. to Def. Mot. Atty's Fees ¶ 22; Def. Mot. Atty's Fees 4.) According to Defendants' motion, Mr. Levis had already recorded 1.4 hours of work on December 13, 2013, for filing an answer to the complaint. (Def. Mot. Atty's Fees 3.) Mr. Levis did, in fact, file Defendants' answer on December 13, 2013. (Ans. 1.) The December 13, 2013, entry and the April 9, 2014, entry are irreconcilable. It is unlikely that Mr. Levis reviewed pleadings and prepared an answer in April 2014. The only reasonable inference is that the April 9, 2014, entry was in error. Therefore, it is reasonable to deduct $877.50 from Defendants' award of attorney's fees.

Finally, Plaintiff argues that Mr. Levis's charges for trial preparation in December 2014 are excessive in light of the fact that a trial date had not yet been set. (Pl. Objct. to Def. Mot. Atty's Fees ¶ 23.) On December 16, 2014, Mr. Levis recorded 4.5 hours of work, at a charge of $1,462.50, for trial preparation and preparation of the witness and exhibit list. (Def. Mot. Atty's Fees 5.) On December 22, 2014, Mr. Levis recorded 2.3 hours of work, at a charge of $747.50, for preparation of his trial memorandum. (*Id.*) It was not unreasonable for Mr. Levis to bill Defendants for approximately 7 hours of trial preparation in December 2014. At that time, the case had been returned to the civil docket, and it was reasonable for Mr. Levis to begin preparing for the eventual trial, even though no date has been set. Therefore, it is reasonable to include

4

these charges in Defendants' award of attorney's fees. Plaintiff's suggestion at oral argument that the trial preparation fees were higher than typical because Defendants required unusual attention and follow up by Attorney Levis is of no moment to this Court. Mortgagors are not fungible. Mortgagees engaged in foreclosure litigation must take their mortgagors as they find them, to include trial preparation, which one should reasonably expect would vary from person to person.

Therefore, based on the foregoing, Defendants are entitled to reasonable attorney's fees. Defendants award shall include all the fees listed in Defendants' motion for attorney's fees—less the charges of $130.00, $455.00, and $65.00 incurred as a result of Defendants' delays and the erroneous charge of $877.50 on April 9, 2014— for a total of $9,327.96.

B.      Motion for Sanctions

Regarding Defendants' motion for sanctions, Defendants argue that the court should impose sanctions on Plaintiff for discussing matters that allegedly occurred in mediation in its objection to Defendants' motion for attorney's fees. (Def. Mot. Sanc. 1.) Admissibility of evidence of statements made or discussions occurring during mediation is subject to Maine Rule of Evidence 408. M.R. Civ. P. 93(p)(2). Maine Rule of Evidence 408(b) provides:

> Mediation. Evidence of conduct or statements by any party or mediator at a mediation session:
> (1) Undertaken to comply with any statute, court rule, or administrative agency rule;
> (2) To which the parties have been referred by a court, administrative agency, or arbitrator; or
> (3) In which the parties and mediator have agreed in writing or electronically to mediate with an expectation of confidentiality;
> Is not admissible in the proceeding with respect to which the mediation was held or in any other proceeding between the parties to the mediation for any purpose other than to prove: fraud; duress; other cause to invalidate the mediation result; or existence of an agreement.

5

M.R. Evid. 408(b). Rule 408(b) was "designed to encourage parties to speak openly and freely in mediation by assuring them that their statements will not be usable against them in the case being mediated." M.R. Evid. 408(b) advisory committee's note.

In *Bayview Loan Servicing v. Bartlett*, the Law Court included a chronology of the events surrounding the parties' mediation as background for deciding defendants' motion for sanctions. 2014 ME 37, ¶¶ 3-6, 87 A.3d 741. The court explained that the parties first attended a mediation session in June 2010 and again in January 2012. *Id.* ¶¶ 3, 5. At the second session, plaintiff informed defendants that they had been tentatively approved for a trial loan modification. *Id.* ¶ 5. The court also noted that plaintiff's counsel failed to appear at a third mediation session in April 2012, but that she called defendants' counsel to report she had a flat tire. *Id.* ¶ 6.

In *Fannie Mae v. Ibourk*, the court explained that the parties attended a mediation session in May 2010, that the defendant's refusal to provide updated financial information led to a second mediation session in February 2013, that the lender represented at this session that it could not offer a loan modification due to the lack of an updated financial package, and that the parties discussed whether to pursue a short sale. 2014 Me. Super. LEXIS 136, at *2-4 (Oct. 17, 2014); *see also Bank of America v. Kelly*, 2014 Me. Super. LEXIS 211, at *1 (Nov. 24, 2014) (discussing plaintiff's assertion at a mediation session that it had never received documents necessary to process a loan modification and the mediator's determination that this assertion conflicted with plaintiff's prior representations).

Similarly, Plaintiff's objection to the motion for attorney's fees merely offered a general chronology of the events surrounding mediation in order to provide context for its argument that Defendants' delays unnecessarily increased their attorney's fees. For example, Plaintiff states that the first mediation session was held in January 2014 and that Defendants indicated a desire

6

to apply for a modification. (Pl. Objct. to Def. Mot. Atty's Fees ¶ 2.) Plaintiff also states that Defendants' failure to provide necessary documents for this application prompted Plaintiff to file a motion to terminate. (*Id.* ¶¶ 6-7.) Plaintiff then explains that Defendants wished to return to mediation because they claimed they were not aware their application had been denied. (*Id.* ¶ 12.) Because Plaintiff's discussion of events during mediation was only to provide the court with context for its argument, Defendants' motion for sanctions should be denied.

## III. CONCLUSION

Defendants Douglas and Lori Falabella's motion for attorney's fees is granted in part and denied in part. Defendants are awarded to reasonable attorney's fees in the amount of $9,327.96.

Defendants Douglas and Lori Falabella's motion for sanctions is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 1/28/16.

Lance E. Walker
Justice, Superior Court

7