STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-244

MTGLQ Investors, L.P.,

Plaintiff

v.

ORDER AFTER REMAND

THELMA COPE,

Defendant

and

THE BANK OF NEW YORK
MELLON,

Party in Interest

STATE OF MAINE
Cumberland, ss Clerk's Office

AUG 04 2017 3:56 PM
RECEIVED

Pursuant to the Law Court Mandate certified on April 25, 2017, this case was scheduled for hearing on July 6, 2017. See Green Tree Servicing, LLC v. Cope, 2017 ME 68, ¶ 21, 158 A.3d 931. Plaintiff, Green Tree Servicing, LLC, and defendant, Thelma Cope, appeared through counsel; the party in interest did not appear. The history of this case has been documented by the Law Court and by the Superior Court in two orders. See Green Tree Servicing, 2017 ME 68, ¶¶ 1, 3-6, 8-10, 158 A.3d 931; Green Tree Servicing v. Cope, No. RE-14-244, 2016 Me. Super. LEXIS 1 (Jan. 2, 2016); Green Tree Servicing v. Cope, CUMSC-RE-16-244 (Me. Super. Ct., Cum. Cty., Mar. 18, 2016).

In support of its request that the court dismiss the complaint without prejudice, plaintiff Green Tree argued first that the provision in Rule 41(a)(1) that the second notice of dismissal by a plaintiff of the same claim operates as an adjudication on the merits

Plaintiff-William Jordan, Esq.
Defendant-Joshua Klein-Golden, Esq.
PII-Jeffrey Hardiman, Esq.

does not apply to this case. M.R. Civ. P. 41(a)(1). Although there have been three complaints for judgment of foreclosure involving this note and mortgage, each complaint involved a different plaintiff. See Green Tree Servicing, 2017 ME 68, ¶ 6 n.5, 158 A.3d 931. The first complaint was dismissed by stipulation of the parties. M.R. Civ. P. 41(a)(1). The second complaint was dismissed by order of the court granting plaintiff's motion to dismiss. M.R. Civ. P. 41(a)(2).

Plaintiff Green Tree argued next that Saunders did not provide notice that an assignment from MERS was inappropriate. See Mortg. Elec. Registration Sys. v. Saunders, 2010 ME 79, 2 A.3d 289. In Saunders, the Law Court made clear that MERS had no standing to institute the foreclosure proceedings because it was not a mortgagee and had no possession or interest in the note. Id. ¶¶ 10, 15. The Law Court determined, however, that the substitution of Deutsche Bank for MERS as plaintiff was proper because:

> Accredited [, the original lender and mortgagee], as the party entitled to enforce the rights granted in the mortgage, was the real party in interest at the time MERS instituted foreclosure proceedings. Five months after MERS filed for foreclosure, the Bank became the real party in interest when Accredited transferred the Saunders' mortgage and note to it. As we had not previously spoken on MERS's standing to foreclose a residential mortgage, the prosecution of the case in its name is an understandable mistake to which Rule 17(a) can be applied.

Id. ¶ 19. The assignment in Saunders was, in fact, an assignment from MERS as nominee for Accredited. Id.; (Pl.'s Ex. 1.); see also Deutsche Bank Nat'l Trust Co. v. Wilk, 2013 ME 79, ¶¶ 2, 21, 76 A.3d 363 (the Law Court concluded that assignments from MERS to IndyMac Federal Bank FSB and from the FDIC, as the receiver for Indy

2

Mac, to Deutsche Bank, would have shown Deutsche Bank received the mortgage by proper assignments if the assignments had been offered in evidence.)

It is undisputed, however, that as of July 3, 2014, the date Greenleaf was decided, plaintiff Green Tree knew it lacked standing to pursue the foreclosure complaint filed on May 28, 2014. See Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶¶ 16-17, 96 A.3d 700; (Compl. ¶¶ 6-7; Ex. C.). Plaintiff Green Tree's motion to dismiss was filed on July 13, 2015. See M.R. Civ. P. 41(a)(2).

Based on the court's request at the hearing on plaintiff Green Tree's motion to dismiss on July 23, 2015, plaintiff Green Tree filed an affidavit and outlined counsel's efforts to remedy the MERS assignment problem in this case. Counsel's investigation revealed that the original lender, First Magnus Mortgage Corporation, had been administratively dissolved and had filed for bankruptcy in 2007. The bankruptcy was pending in the fall of 2014. (Jordan Aff. ¶ 7.) The assets of First Magnus had been transferred to a separate entity, First Magnus Liquidating Trust, which was represented by an attorney. (Id. ¶ 8.) Dealings with the Trust's attorney became increasingly contentious and the Trust office ultimately prevented in-hand service. (Id. ¶ 9.) At the Trust's request, the bankruptcy was terminated on July 15, 2015. (Id.)

Because defendant did not move to dismiss based on plaintiff Green Tree's capacity to sue, plaintiff Green Tree believed it could proceed with the complaint if plaintiff Green Tree was able to cure the standing problem. See JPMorgan Chase Bank v. Harp, 2011 ME 5, ¶¶ 9-10, 12, 10 A.3d 718; Saunders, 2010 ME 79, ¶ 19, 2 A.3d 289. Defendant chose not to challenge plaintiff Green Tree's standing because she believed a trial would be more effective.

3

When communication with the Trust ended, plaintiff Green Tree filed on July 1, 2015 a motion to amend the complaint to add a count for declaratory judgment and to add the Trust as a defendant. The motion was denied on July 14, 2015.[1] As discussed above, the motion to dismiss without prejudice was filed on July 13, 2015.

Plaintiff Green Tree argued finally that this history does not demonstrate a lack of good faith for which a dismissal with prejudice is appropriate. See U.S. Bank v. Sawyer, 2014 ME 81, ¶ 15, 95 A.3d 608. "A dismissal with prejudice imposed as a sanction . . . represents the court's 'determination of a collateral issue: whether the [party or] attorney has abused the judicial process.'" Green Tree Servicing, 2017 ME 68, ¶ 18, 158 A.3d 931 (quoting Willy v. Coastal Corp., 503 U.S. 131, 138-39 (1992)). When imposing sanctions:

> the trial court must consider a number of factors, including "(1) the purpose of the specific rule at issue; (2) the party's conduct throughout the proceedings; (3) the party's basis for its failure to comply; (4) prejudice to other parties; and (5) the need for the orderly administration of justice. The court should also consider the purpose to be served by imposing sanctions, including penalizing the noncompliant party and deterring similar conduct.

Bayview Loan Servicing v. Bartlett, 2014 ME 37, ¶ 12, 87 A.3d 741 (quoting Estate of Hoch, 2011 ME 24, ¶ 33, 16 A.3d 137) (citations omitted). The presence of a warning is a factor that supports a dismissal with prejudice. See Bartlett, 2014 ME 37, ¶ 14, 87 A.3d 741. It is "the rare case that requires the ultimate sanction" of dismissal with prejudice. U.S. Bank v. Manning, 2014 ME 96, ¶¶ 13, 20, 97 A.3d 605 (quotation marks omitted) (dismissal with prejudice based on payment of an unauthorized sanction that was not late

---

[1] Defendant argues that even if the motion to amend the complaint had been granted, plaintiff Green Tree's notice of right to cure was defective. See CitiMortgage, Inc.v Chartier, 2015 ME 17, ¶¶ 6-9, 111 A.3d 39; (Compl. Ex. B. 2, 14; Ex. D.)

4

was an abuse of discretion); Sawyer, 2014 ME 81, ¶¶ 9-10, 15-16, 95 A.3d 608 (court is required to find evidence of a lack of good faith, not bad faith; Bank's failure to participate in the mediation process in good faith, failure to be prepared for noticed show cause hearing, and failures to honor agreements to provide offers for modifications resulted in emotional upheaval and costs, fees, and expenses to defendants that justified dismissal with prejudice); Bartlett, 2014 ME 37, ¶ 9, 87 A.3d 741 (Law Court affirmed dismissal with prejudice where plaintiff engaged in pattern of disruptive behavior, failed to respond to lesser sanctions, and was strongly warned by the court that future noncompliance could result in dismissal with prejudice); Unifund CCR Partners v. Demers, 2009 ME 19, ¶ 14, 966 A.2d 400 (dismissal with prejudice was an abuse of discretion based on plaintiff's failure to appear at one pretrial conference); Terjelian v. Concord Group Ins. Co., 606 A.2d 197, 198 (Me. 1992) (dismissal with prejudice affirmed based on plaintiff's receipt of numerous notices and orders regarding the failure to file a report, plaintiff's receipt of warnings of the consequences of the failure to file the report, and plaintiff's dilatory tactics regarding discovery).

The court agrees that plaintiff Green Tree's conduct did not rise to the level described in the cases in which the Law Court determined a dismissal with prejudice was appropriate. Although, based on this record, it appears that the standing and notice issues may be difficult to address, the court remains concerned about a fourth foreclosure action involving this note and mortgage. Plaintiff Green Tree's motion for substitution of parties has been granted without objection and a fourth plaintiff, MTGLQ Investors, L.P., is now involved with this note and mortgage.

The following is ORDERED:

5

1. Plaintiff's Complaint is Dismissed without Prejudice.

2. Within 45 days of the date of this order, defendant's attorney will file an affidavit of attorney's fees incurred in defending this case. In the affidavit, defendant's attorney will address the factors discussed in Mancini v. Scott, 2000 ME 19, ¶ 10, 744 A.2d 1057.

3. If a fourth foreclosure action involving the note and mortgage in this case is filed, no accrued interest, late charges, or attorney's fees from July 3, 2014 forward will be added to the amount due and no deficiency will be requested by plaintiff. If plaintiff MTGLQ Investors, L.P., retains an attorney other than Green Tree's attorney, Attorney Jordan will ensure that a copy of this order is provided to the successor attorney.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: August 4, 2017

Nancy Mills
Justice, Superior Court

6