STATE OF MAINE                                          SUPERIOR COURT
KENNEBEC, ss.                                           DKT. NO. AP-20-05

MICHAEL E. FAIA,                          )
                                          )
        Petitioner,                       )
                                          )
v.                                        )        **ORDER ON PETITIONER'S RULE**
                                          )        **80C APPEAL**
BOARD OF TRUSTEES FOR THE                 )
MAINE CRIMINAL JUSTICE                    )
ACADEMY,                                  )
                                          )
        Respondent.                       )

Petitioner Michael E. Faia appeals pursuant to Rule 80C from Respondent Board of

Trustees of the Maine Criminal Justice Academy's (the Board) January 10, 2020 revocation of his

law enforcement officer certification. Petitioner contends the Board abused its discretion when it

summarily revoked his certificate of eligibility to be a law enforcement officer. He also contends

the Board denied him due process by revoking the certificate of eligibility without affording him

an opportunity for a hearing. The Court has reviewed the parties' briefs, the record on appeal, and

the law relevant to this case. It affirms the Board's decision.

## FACTUAL BACKGROUND

The following facts are drawn from the certified record filed with the Court.

Petitioner Michael Faia has been employed as a police officer by the Town of Ogunquit

since November 8, 2002. (R. 62.) On June 13, 2003, Petitioner graduated from the Maine Criminal

Justice Academy, at which time the Board issued him a certification to serve as a Maine law

enforcement officer. (R. 62.) He achieved the rank of Sergeant in 2006, and has maintained that

rank ever since. (R. 62.)

---

' The Court uses the caption provided by Petitioner, though the statute refers to the Board as the "Board of Trustees of the Maine Criminal Justice Academy." 25 M.R.S. § 2801-A(1).

1

On April 16, 2016, Petitioner attended a wedding and reception at which he became increasingly intoxicated and made offensive physical contact with a female guest. (R. 5.) This was reported to the Ogunquit Police Department, which investigated the incident. (R. 5.) Upon completion of its investigation, the Ogunquit Police Department notified the Director of the Maine Criminal Justice Academy that it had knowledge of information that could result in the suspension or revocation of Petitioner's certificate of eligibility to be a law enforcement officer. (R. 5.) After meeting with Petitioner, the Maine Criminal Justice Academy Complaint Review Committee recommended to the Board that it enter into a consent agreement with Petitioner. (R. 5-6.) The Board accepted this recommendation, and Petitioner was reprimanded and placed on probation for three years (during the first year of which he was required to abstain from any alcohol consumption and to engage in a Soberlink monitoring program whereby he underwent four sobriety tests a day, seven days a week). (R. 6-7.)

Petitioner completed the mandatory Soberlink program without incident on January 13, 2018. (R. 64.) During this time, Petitioner focused on coaching his sons in their sports, eating healthy, and staying physically fit. (R. 64.) He maintained his sobriety for three to four months following the end of his Soberlink monitoring. (R. 64.) However, marital issues soon began to manifest in his life which pushed him back to consuming alcohol. (R. 64.) Eventually, he became estranged from his wife who moved out of the house. (R. 65.)

On the evening of January 18, 2019, he received a message from his wife that made him concerned for her safety. (R. 69.) Though he had already consumed some alcohol that evening, he chose to drive to check on his wife. (R. 69.) After confirming her safety, Petitioner left her current location to head back to his house. (R. 69.) On his way home, Petitioner stopped at a Cumberland Farms convenience store in North Berwick to purchase more alcohol. (R. 69.) He

2

was unable to complete the transaction with the clerk at the store, though, and left without purchasing more alcohol. (R. 69.) As Petitioner left the convenience store, the store clerk ran across the street to some nearby North Berwick police officers to inform them that she was concerned with Petitioner's ability to safely drive a vehicle. (R. 23.) The officers followed Petitioner's vehicle, observed erratic operation, and began a traffic stop. (R. 23.) Petitioner refused to do field sobriety tests, and he later refused to perform an intoxilyzer test. (R. 23-24.) The officers had some difficulty arresting Petitioner, but he was eventually arrested for operating under the influence and then transported to York County Jail. (R. 24.)

Seemingly recognizing the toxic effect of alcohol in his life, Petitioner soon thereafter arranged for admission to an in-patient detoxification program for which he arrived sober and successfully completed. (R. 70.) He then renewed his reliance on the Soberlink program on March 5, 2019, and has successfully passed his thrice daily tests from that day through at least December 2019. (R. 70, 130-35.) Petitioner also began pursuing long-term counseling for his issues. (R. 70.)

Nonetheless, he was still at the mercy of the Board when it came to his fate as a law enforcement officer. He pleaded guilty on December 10, 2019, to the Class D offense of operating under the influence. (R. 117.) Though he attempted to convince the Board to give him a lesser sanction, (R. 61-72), the Board voted on January 10, 2020, to summarily revoke his certificate of eligibility to perform the duties of a law enforcement officer. (R. 2.) Petitioner timely appealed the revocation to this Court. (Pet. 1.)

## DISCUSSION

The standard of review on a Rule 80C appeal is a familiar one: the Court reviews the agency's decision "for errors of law, abuse of discretion, or findings not supported by substantial

3

evidence in the record." *Carryl v. Dep't of Corr.*, 2019 ME 114, ¶ 5, 212 A.3d 336 (quotation marks omitted). "As the party seeking to overturn the agency's decision, [Petitioner] bears the burden of proof to demonstrate that no competent evidence supports the Board's decision." *Stein v. Me. Criminal Justice Acad.*, 2014 ME 82, ¶ 11, 95 A.3d 612. Because the Board's decision to suspend or revoke Petitioner's certificate of eligibility is discretionary, Petitioner has the burden of demonstrating that the Board abused its discretion. *Id.* ¶ 23. It is an abuse of discretion when the appealing party shows that "the decisionmaker exceeded the bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law. It is not sufficient to demonstrate that, on the facts of the case, the decisionmaker could have made choices more acceptable to the appellant or even to a reviewing court." *Id.* (citations and quotation marks omitted).

1. Abuse of discretion.

Petitioner's abuse of discretion argument is premised on the fact that the Board was not required to revoke his certificate of eligibility; instead, the Board *could* "summarily and without hearing suspend or revoke any certificate as a result of any criminal conviction identified by this paragraph[, including a conviction for a Class D crime.]" 25 M.R.S. § 2806-A(5)(C). Despite this, Petitioner contends, the Board could still resort to lesser disciplinary measures per section 2806-A(6) because section 2806-A(5)(C) only says suspension or revocation is a permissive action, not a mandatory one. Once Petitioner pleaded guilty to the Class D OUI offense, the Board was authorized under section 2806-A(5)(C) to suspend or revoke Petitioner's certificate. Nonetheless, the Board still had to make its decision within the "bounds of the reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *Stein*, 2014 ME 82, ¶ 23, 95 A.3d 612 (quotation marks omitted).

4

Petitioner argues, in effect, that the numerous mitigating factors he offered to the Board, factors that the Board chose not to acknowledge in its summary revocation decision, demonstrate that revocation was far beyond the realm of reasonable choices available to the Board in this case. This argument is bolstered, Petitioner contends, by the sanctions imposed in the cases of first-time OUI offenses the Board has dealt with in the past five years (none of which resulted in revocations of certificates of eligibility). Petitioner's abuse of discretion argument essentially distills down to the proposition that it was an abuse of discretion for the Board to rely on some evidence to the exclusion of other evidence that he offered, which resulted in the Board's decision being unreasonable.[2] Despite this, "[t]he court shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 11007(3). Moreover, the Board "was free to make its own credibility determinations with respect to the conflicting evidence before it." *Passadumkeag Mountain Friends v. Bd. of Environmental Prot.*, 2014 ME 116, ¶¶ 12, 14, 102 A.3d 1181. It was within the Board's purview to rely on the evidence it did to the exclusion of the evidence offered by Petitioner. Doing so was not an abuse of discretion.

As the Board fairly found, Petitioner was already on a probationary term with the Board that stemmed from a prior alcohol-related incident. While he was on this probationary term, he was involved in another alcohol-related incident during which he committed the Class D offense of operating a vehicle under the influence. He later pleaded guilty to this offense, which authorized the Board to revoke his certificate. While Petitioner points to extenuating circumstances (though circumstances he acknowledges are not an excuse for his actions) and mitigating factors (such as his commendable adherence to a life of abstinence from alcohol since the OUI incident), the Board

---

[2] Petitioner does not, and could not, argue that the facts found by the Board in its summary revocation decision (located at pages 2 and 3 of the record) are not supported by evidence in the record. All facts found by the Board are supported by competent evidence in the record.

5

was faced with a situation where a law enforcement officer under its purview was involved in a second alcohol-related incident while on probation for a first alcohol-related incident. Revocation in these circumstances did not exceed the bounds of the reasonable choices available to the Board.[3] Petitioner has not met his burden to demonstrate that the Board abused its discretion.

2. Due process.

Petitioner raises both procedural due process and substantive due process grounds as bases for vacating or reversing the Board's decision. "The due process clauses of the Maine and federal Constitutions guarantee due process before a government entity deprives any person of a property right." *Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 15, 153 A.3d 768 (citing U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6-A). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re A. M.*, 2012 ME 118, ¶ 15, 55 A.3d 463 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

On the procedural due process argument, Petitioner contends he was entitled to a hearing before the Board could revoke his certificate to serve as a law enforcement officer. There is no question regarding whether Petitioner was entitled to due process before the Board could terminate

---

[3] Petitioner analogizes his situation to those situations where the Board did not revoke certificates for first-offense OUIs. Nonetheless, Petitioner's situation is not plainly comparable to these because he was already on probation for a first alcohol-related incident; it is not apparent one way or the other from the record whether the other first-offense OUI cases involved law enforcement officers who were already on probation for an initial alcohol-related incident when the first-offense OUI occurred. Moreover, "[w]hether the [first-offense OUI certificate holders] were disciplined [differently] for their [first-offense OUIs] is not persuasive in [the Court's] consideration of whether the Board exceeded the bounds of its discretion with respect to [Petitioner]." *Stein v. Me. Criminal Justice Acad.*, 2014 ME 82, ¶ 24, 95 A.3d 612. Additionally, Petitioner contends in his reply brief, for the first time on appeal, *cf. Bayview Loan Servicing v. Bartlett*, 2014 ME 37, ¶ 24, 87 A.3d 741 (explaining that when an appellant raises an issue for the first time in its reply brief, the appellant as failed to preserve the argument), that the Board failed to substantiate its choice of sanction. (Reply Br. 3 (citing *Zegel v. Bd. of Soc. Worker Licensure*, 2004 ME 31, ¶ 24, 843 A.2d 18 ("The Board's decision, however, fails to explain why it decided to impose the sanctions it chose. [The] statute . . . require[s] the Board to set out findings that justify its decision . . . . 5 M.R.S.A. § 9061 (2002) (providing that an agency's decision 'shall include findings of fact sufficient to apprise the parties and any interested member of the public of the basis for the decision') . . . ."). Despite this, the Board clearly articulated the findings that justified its decision, namely that Petitioner, while on probation for one alcohol-related incident, was convicted of a Class D crime for a second alcohol-related incident. Even assuming the argument was properly raised, the Court notes it would not be meritorious.

his certification to engage in his profession; he undoubtedly was. The question is whether he was afforded all the process due under the circumstances.

Courts "consider three distinct factors to determine whether the administrative procedures provided [] are constitutionally sufficient to protect an individual's due process rights." *Doe v. Dept. of Health and Human Servs.*, 2018 ME 164, ¶ 17, 198 A.3d 782 (quotation marks omitted). Those factors are:

> first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Beal*, 2017 ME 6, ¶ 15, 153 A.3d 768 (quoting *Mathews*, 424 U.S. at 335). There is no question Petitioner has a property interest in his certificate. *See N. Atl. Sec., LLC v. Office of Sec.*, 2014 ME 67, ¶ 40, 92 A.3d 335 ("A holder of a professional license has a property interest in that license."). Despite this, the other two factors point to a conclusion that Petitioner received sufficient due process in this case.

The risk of erroneous deprivation here is minimal because revocation is based on conviction for a Class D crime for which Petitioner was provided with all of the protections afforded to a criminal defendant. By authorizing revocation without a hearing upon conviction of certain offenses, the Legislature has made clear that professional certificate holders (such as Petitioner) received necessary due process in the criminal proceedings against them. *See* 5 M.R.S. § 10004(1) ("[A]n agency may revoke . . . any license without proceedings in conformity with subchapters IV [adjudicatory proceedings] or VI [administrative court], when . . . [t]he decision to take that action rests solely upon a finding or conviction in court of any violation which by statute

is expressly made grounds for revocation . . . ."); 25 M.R.S. § 2806-A(5)(C) ("[T]he board may summarily and without hearing suspend or revoke any certificate as a result of any criminal conviction identified by this paragraph[, including a conviction for a Class D crime.]").[4]

Moreover, while the fiscal and administrative burdens required to provide additional process would seemingly have been minimal in Petitioner's circumstances, the government interest in ensuring public trust in law enforcement officers and providing immediate sanction for officers entrusted with protecting the public safety but who have committed criminal offenses weighs exceedingly heavy. Additionally, Petitioner provided to the Board a detailed account of his position and the evidence he believed weighed in his favor; he cogently presented his argument to the Board. Petitioner was not deprived of procedural due process due to the lack of a hearing under the circumstances of this case.

Nor was Petitioner deprived of substantive due process. "The Supreme Court has held generally that the touchstone of substantive due process is protection of the individual against arbitrary action of government. A person's right to substantive due process is violated when the government engages in conduct that shocks the conscience and violates the decencies of civilized conduct." *LeGrand v. York Cty. Judge of Prob.*, 2017 ME 167, ¶ 38, 168 A.3d 783 (alterations, citations, and quotation marks omitted). When this arises in cases of executive action, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* (citation and quotation marks omitted). While it is clear that the Board did not give much weight to Petitioner's commendable efforts to abstain from alcohol and improve his life, the fact that it did not and thus decided to revoke his certificate does not shock the conscience and violate the decencies of civilized conduct. Petitioner seemingly has made impressive steps in his journey to

---

[4] Petitioner does not argue that these statutes are unconstitutional.

8

distance himself from the circumstances surrounding his two alcohol-fueled incidents over the course of the past four years, but that he lost his professional certificate as a result cannot be considered egregious conduct when Petitioner was already under scrutiny due to the first incident. Petitioner's substantive due process rights were not violated.

## CONCLUSION

As the Court has detailed, the Board's decision to revoke Petitioner's certificate to serve as a law enforcement officer must be affirmed. The Board's decision was not an abuse of discretion, nor did it result in a denial of procedural or substantive due process.

The entry is:

1. The Board of Trustees of the Maine Criminal Justice Academy's decision in MCJA Case No. 2019-004 is **AFFIRMED**.
2. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: ___8/31/2020___

Hon. M. Michaela Murphy
Justice, Maine Superior Court

9